CHARLES RICKMAN *et al.* v. C. R. MILLER.

1. DEBTOR, *Not Agent—Agreement, Construed.* When the purchasers of land agree as a condition precedent to such purchase, and as a part of the consideration thereof, that they will pay a debt of their grantor, such agreement makes them the debtors of the party holding such claim, and not the agent merely of their grantor for its payment.

2. ———— *Garnishment—No Defense.* In an action by the party holding such claim against the purchasers of such land, it will be no defense that they have been served with notice of garnishment by creditors of their grantor.

*Error from Kingman District Court.*

THE opinion states the facts. Judgment for the plaintiff *Miller,* at the March term, 1886. The defendants *Rickman* and *Arnold* bring the case here.

*Gillett & Whitelaw,* for plaintiffs in error.

*L. M. Conkling & Son,* for defendant in error.

Opinion by HOLT, C.: Defendant in error, as plaintiff, brought his action against defendants, and recovered judgment for $247.70; to reverse said judgment, they bring the case here for review. The cause was submitted upon an agreed statement of facts, from which it appears that S. H. Priddy owned a quarter-section of land in Kingman county, which he sold to defendants for $1,600. Priddy and wife cove-

nanted in their deed that the land was free and unincumbered, except by a mortgage for $700 and interest, and also a mortgage for $276 and interest, and a judgment for $130. There was, however, no mortgage upon the land at the time of the sale, but there was a chattel mortgage executed by Priddy to the plaintiff for $276, to secure a note due him from Priddy for that amount, but it was no lien upon the land unless the stipulation in the deed made it one. The balance between the amount named in the deed, and the several sums of money mentioned as liens upon the land, was paid in cash by defendants to Priddy. Shortly after the sale of the land, Aultman, Miller & Co., creditors of Priddy, served a garnishee notice upon the defendants, and in answer thereto they stated they were indebted to Priddy in the amount of $276 and interest; but afterward, in the same proceeding, they asked leave to correct their answer in order to show the real facts of their indebtedness, if any, to Priddy, and the obligations assumed by them for the payment of this note and mortgage. Leave being obtained, they then answered, setting up the same state of facts as appears in this statement of the case.

The plaintiff avers in his petition that, at the time of the negotiations for the sale of the land, Priddy notified the defendants of the existence of said note and mortgage, and stipulated that said defendants should assume the payment thereof. To this defendants assented, and agreed with Priddy that they would assume and pay said note and mortgage as a part of the consideration for the land. The agreed statement of facts provides that the averments of the petition should be taken as true; it is also agreed that up to the time of the service of the garnishee process upon defendants, plaintiff did not know of the contract between Priddy and defendants concerning the payment of the note.

It is not questioned that Miller could have brought his action against defendants, and maintained it, if Aultman, Miller & Co. had not garnished them. (*Anthony v. Herman*, 14 Kas. 495; *Strong v. Marcy*, 33 id. 109; *Brenner v. Luth*, 28 id. 583.) It will also be presumed that as the contract gave

Miller additional security for the payment of his debt, and being entirely in his favor, that he would have accepted it.

The plaintiff claims, under the authority of *Center v. McQuesten*, 18 Kas. 476, that the defendants were simply agents of Priddy to pay this amount to Miller, and until they performed the duties of their agency the money in their hands was the property of Priddy, and not of Miller. If their contention was correct, then Aultman, Miller & Co., and not the plaintiff, would be entitled to the money. The question decisive of the rights of the parties to this action is, whether the defendants were simply the agents of Priddy, or whether they had become debtors of Miller. The plaintiff could have brought his action upon the note and mortgage against Priddy, but that does not necessarily preclude him from also having the right, if he saw fit, of bringing his action against the defendants also, if no other rights had intervened. If the money in the hands of the defendants was held by them simply as the agents of Priddy, then other rights had intervened, but if the agreement made them the debtors of Miller directly, then they would have been his creditors, and the money could not have been taken as the money of Priddy.

Did the relation of principal and agent exist between Priddy and defendants? It is a question not without difficulty, and its solution has been arrived at not without some hesitation and serious doubts. Yet we believe the allegations in the petition of plaintiff, which are to be taken as true, are sufficient to establish the relation of debtors and creditor between defendants and plaintiff. It is averred as a condition precedent to the sale, that the defendants agreed to assume and pay said note and mortgage. This is more than simply constituting one party the agent of another; it makes them the debtors of plaintiff. This case is different in its facts from the case of *Center v. McQuesten.* In that action Cowgill sold to Williams a lot of cattle, and requested him to retain a portion of the money to pay McQuesten. Williams verbally promised to do so, but afterward some of the creditors of Cowgill garnished Williams. The court speaking in that case, says:

"It was his duty to have delivered the money, or to have returned it to Cowgill, unless prevented by legal proceedings. He was thus prevented. Prior to the payment or delivery, the money was still the property of Cowgill, intended by him to be used to pay his note held by McQuesten."

The distinction between that case and the one here is obvious. It was not the duty of defendants to ever have returned this money to Priddy. They had agreed as a part of the consideration for the land, to pay this money directly to plaintiff, and relieve Priddy of any liability under the note. (See also *Center v. McQuesten*, 24 Kas. 480.)

This view of the case determines it, and we refrain from passing upon the other phase presented, namely, whether the fact of mentioning the note and the chattel mortgage in the deed as being an incumbrance on the land, would create a lien in favor of the holder of such note and chattel mortgage.

We recommend that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.