M. M. MASON, *Appellant,* v. RILEY SAUNDERS et al. and W. H. BROOKS, Intervenor, *Appellees.*

No. 18,049.

### SYLLABUS BY THE COURT.

SALE—*Purchaser to Pay Consideration to Third Party—Agreement Valid.* Upon a sale of personal property the purchaser agreed with the vendor to pay the consideration to a third party who claimed a lien upon it under a chattel mortgage. After the property was delivered the purchaser was garnished by another creditor of the vendor. The mortgage was not in fact a lien upon the property, but the mortgagee and mortgagor having treated it as a lien and by mutual agreement provided that the proceeds should be applied upon the mortgage debt, they will be so applied.

Appeal from Lyon district court. Opinion filed April 12, 1913. Affirmed.

*L. B. Kellogg, J. Harvey Frith,* and *W. S. Kertsinger,* all of Emporia, for the appellant.

*W. E. Huggins, Henry E. Ganse,* and *Humbert Riddle,* all of Emporia, for appellee W. H. Brooks.

*R. M. Hamer,* and *W. C. Harris,* both of Emporia, for appellee Riley Saunders.

The opinion of the court was delivered by

BENSON, J.: The controversy in this action is over a fund paid into court by the garnishee. The action was for the recovery of money from defendant Saunders,

against whom judgment was rendered by consent. The garnishee was indebted for hogs sold to him by the defendant. Intervenor Brooks claimed the money due upon this sale. He held a mortgage covering eighty-five hogs and their increase. Learning that the defendant had sold hogs to Workman, Brooks notified Workman that he claimed the proceeds under his mortgage. At that time but one load of hogs had been delivered. Saunders then agreed with Brooks that the remainder of the hogs should be delivered to Workman, and that the proceeds should be paid over to Brooks. Workman consented to this arrangement and promised to make the payment to Brooks upon an order from Saunders. Thereupon further deliveries were made until the lot of thirty-six so sold were received. Tickets showing weights were given to Saunders, who delivered them to Brooks. Two days after the last load had been delivered Workman received a written order from Saunders to pay the proceeds to Brooks, but he had on the preceding day been served with the garnishment notice in this action. Thereupon he filed an answer stating that he had purchased hogs of Saunders, the amount due, the claim of Brooks to the fund, and his agreement to pay it.

It is admitted that the mortgage was not a valid lien on the hogs sold to the garnishee, for the reason that its date was too remote to make their existence possible at that time. Nevertheless the mortgagee claimed the property under that instrument, the mortgagor yielded to that claim, and agreed that the proceeds should be applied upon the mortgage debt. The hogs were delivered upon the agreement that such application should be made, to which the purchaser consented. The transaction was completed before this action was begun, except the written order for the money, which was delivered two days afterwards.

While a mortgage lien did not attach to the property

in question, the parties consented that it should attach to the proceeds of the sale, that is, they agreed that the hogs should be delivered to Workman, who should pay the consideration upon the debt owing by Saunders to Brooks, which the mortgage purported to secure. Upon receipt of the hogs the purchaser became indebted for the amount, not to Saunders, but to Brooks, to whom he had promised to make the payment. The written order was useful as a voucher, but if Saunders had refused to give it the right of the creditor to receive the money would not have been affected.

In a similar transaction this court held:

"When the purchasers of land agree as a condition precedent to such purchase, and as a part of the consideration thereof, that they will pay a debt of their grantor, such agreement makes them the debtors of the party holding such claim, and not the agent merely of their grantor for its payment." (*Rickman v. Miller,* 39 Kan. 362, syl. ¶ 1, 18 Pac. 304.)

It is true that in the first instance the agreement to sell the hogs did not include an agreement to pay the consideration to Brooks, but after the first load had been delivered, upon the assertion of the claim of the mortgagee, Saunders agreed that the proceeds should be applied upon the mortgage debt, to which the purchaser assented. As no right of the plaintiff had then attached, no reason is perceived why this agreement should not be enforced. It was an application of the property to pay the debt. Neither the circumstance that the mortgage was not a valid lien nor the fact that the written order was not delivered until after the garnishment can defeat this arrangement.

It was held in *Center v. McQuesten,* 18 Kan. 476, that an agent after garnishment is not liable to the person to whom he is directed by his principal to pay money. After another trial that case was again reviewed (*Center v. McQuesten,* 24 Kan. 480), and upon consideration of the additional facts that the party to

whom the promise of payment had been made was a creditor of the vendor holding a chattel mortgage claimed as a lien upon the property, it was held that the purchaser became the principal debtor and that the fund was not subject to garnishment, although the mortgage when considered alone was void. This last decision in the Center case, rather than the first one, is deemed applicable to this controversy.

The judgment is affirmed.