MANNY, *et al.*, Respondents, v. FRASIER'S ADMINISTRATOR, Appellant.

1. A. and B. as partners owed a debt to C.; A. sold out his interest to D., who agreed with A. and B. to assume and pay the debt due C. *Held,* that C. could not maintain an action, in his own name, against D., on his said promise to recover the said debt.

*Appeal from Ralls Circuit Court.*

The plaintiffs in their petition allege substantially that the partnership firm of Bell & Sticknell was indebted to them on two promissory notes; that Bell sold out his interest in the partnership to Frasier; that Frasier on coming into the firm agreed with Bell & Sticknell to assume and pay certain debts of the firm, among others the notes due plaintiffs. Plaintiffs seek to recover the amount of said notes of the said Frasier's administrator.

*Allen,* for appellant.

I. If defendant is liable at all, it is to Bell & Sticknell, and not to the plaintiffs. There is no privity of contract

between plaintiffs and defendant. (Story on Contr. 549; 1 Strange, 592; 4 Seld. 207; 15 Georg. 321; 3 B. Mon. 356.)

SCOTT, Judge, delivered the opinion of the court.

This is not like the case stated in the books where A. owes B. and B. owes C. $100, and the three meet, and it is agreed between them that A. shall pay C. $100. B.'s debt is extinguished and C. may recover that sum against A. (Black v. Paul, 10 Mo. 104.) Nor does it fall within the rule that if one person make a promise to another for the benefit of a third, the latter may maintain an action upon it (Chitty, 5)— a doctrine which has been recognized by this court in the cases of the Bank of Missouri v. Benoist & Hackney, 10 Mo. 519, and Robbins v. Agnes, id. 538. In the case before us there was a debt already existing between the plaintiffs and Bell & Sticknell, and the defendant assumes or agrees with Bell & Sticknell to pay the debt they owe to the plaintiffs. This is not like a promise of A. to pay B. for the benefit of C. There is no privity of contract between the defendant's intestate and the plaintiffs. It is similar to all the undertakings of one partner to pay the debts of the firm. No instance has been found in which a creditor of the firm has been permitted to sue on such an undertaking in his own name. (6 Watts, 182, 349.)

Judgment reversed; the other judges concur.