————o————

JOSEPH M. ROGERS, *et al.*, Respondents, *vs.* W. A. GOSNELL, Appellant.

1. *Contract—Promise to third person, when valid consideration for.*—It is now the prevailing doctrine that an action lies on the promise made by defendant, on a valid consideration to a third person for the benefit of plaintiff, although the latter was not privy to the consideration.

The law presumes that when a promise is made to a third person he accepts it; and to overthrow this presumption a dissent must be shown.

*Appeal from Jackson Circuit Court.*

*Gage & Ladd*, for Appellant.

I. The contract of July 18th, 1868, between the Johnson heirs and defendant, was an executory contract on both sides, in which the obligation of either party was dependent upon the performance of the opposite party, and which was subject to the control of the parties making it, and liable to be rescinded by them. (Bonaffe vs. Lane, 5 La. Ann., 225.)

II. The question in this case is not covered by the decision in Lawrence vs. Fox, (20 N. Y., 268). It may be remarked, that in that case the contract was an executed one.

*W. B. Napton*, for Respondent.

The questions of law in this case were formerly decided by this court. (See 51 Mo., 467.)

WAGNER, Judge, delivered the opinion of the court.

From the record it appears that the plaintiffs were real estate agents, and as such they were employed to sell a piece of property for a specific amount. They succeeded in mak-

ing sale of the same to the defendant, and by the written agreement entered into between the parties to the sale, which provided that the payments on the one side and the execution of the deed on the other, should both be made at a future time, it was expressly agreed that the defendant should pay the plaintiffs one hundred and fifty dollars, the amount sued for in this action, as a part of their commission, it being stated that the same was due at that time. Subsequently the parties varied the agreement, and entered into a new contract, by which the transaction was consummated, and in accordance with this last contract the deed was made.

It is not shown that plaintiffs had anything to do with the negotiations which resulted in perfecting the last contract, further than that one of them drew up the written memorandum; and they make no claim in reference thereto.

When plaintiffs demanded payment of the sum agreed to be paid in the written undertaking, defendant refused to comply, on the ground that the agreement was not carried out, and therefore he was not liable. There was a verdict and judgment for plaintiffs.

The promise in this case was not made directly to the plaintiffs, but it was contained in the written instrument executed between the persons agreeing to sell the land and the defendant, who agreed to purchase. It was an assumpsit on the part of the defendant to pay a certain debt of the sellers of the land to the plaintiff who were their creditors.

It is now the prevailing doctrine, that an action lies on the promises made by a defendant upon a valid consideration to a third person for the benefit of a plaintiff, although the plaintiff was not privy to the consideration. (Myers vs. Lowell, 44 Mo., 328; Rogers vs. Gosnell, 51 Mo., 466.) In the carefully considered case of Lawrence vs. Fox, (20 N. Y., 268) it appeared that one Holly, at the request of the defendant, loaned and advanced to him $300, stating at the time that he owed that sum to the plaintiff, for money borrowed of him, and had agreed to pay it to him the next day; that the defendant in consideration thereof, at the time of receiving the

money, promised to pay it to the plaintiff the next day. Up-
on these facts it was held that the plaintiff for whom the
promise was made might support the action. The judge who
wrote the opinion of the court meets the very objection in-
sisted upon here. He says : " It was also insisted that Holly
could have discharged the defendant from his promise,
though it was intended by both parties for the benefit of the
plaintiff, and therefore the plaintiff was not entitled to main-
tain this suit for the recovery of a demand over which he had
no control. It is enough that the plaintiff did not release
the defendant from his promise, and whether he could or not
is a question not now necessarily involved; but if it was I
think it would be difficult to maintain the right of Holly to
discharge a judgment recovered by the plaintiff upon confes-
sion or otherwise, for the breach of the defendant's promise;
and if he could not, how could he discharge the suit before
judgment, or the promise before suit, made as it was for the
plaintiff's benefit, and, in accordance with legal presumption,
accepted by him, (Berly vs. Taylor, 5 Hill, 584 *et seq.*)
until his dissent was shown ?" And Johnson, Ch. J., and
Denio, J., placed their concurrence with this opinion on the
ground that the promise was to be deemed made to the plain-
tiff, if adopted by him, though he was not a party, or cog-
nizant of it when made.

It is a presumption of law that when a promise is made for
the benefit of a third person he accepts it, and to overthrow
this presumption a dissent must be shown. But in this case
the rule obtains with more than ordinary force. The full
commission due plaintiffs for their services was three
hundred dollars. By the agreement entered into be-
tween the parties, the vendors of the property were to pay
one-half, and the defendant the other half. The language is :
" It is further agreed that said Gosnell (defendant) is to pay
one hundred and fifty dollars on their commission to Rogers
and Peck, (plaintiffs) the same being due at this date." As
the plaintiffs were the negotiators of the sale and drew up
the instrument of writing acknowledging the indebtedness in

their behalf, they were not only cognizant of it, but their assent cannot be questioned.

The point insisted upon, that the contract of sale was executory between the parties, and that it was finally abandoned and a new one substituted for it can have no influence upon the rights of the plaintiffs. For the agreement and promise of the defendant was to pay plaintiffs the sum of one hundred and fifty dollars then due. The payment did not depend on any future contingency, but it was for past services. Plaintiffs had performed their duties, and the promise was to remunerate them. Nothing was said about any further or future services. It is not shown that plaintiffs had anything to do with the subsequent transaction, when the original contract was modified. One of them, indeed, did draw up the memorandum or agreement, but that was all, and for aught that appears, it was a mere gratuitous labor. There is nothing to connect it with the original service or contract.

The owners of the land were to pay plaintiffs a certain amount, but the defendant in their stead agreed when the bargain was made to pay one-half, and acknowledged at the time that it was due.

Plaintiff's assent fixed defendant's liability, and when they collected the amount it operated as a release of the grantors in the sale. There is no question of waiver in the case. There was no evidence on that point.

I think the judgment should be affirmed; all the judges concur except Judge Hough, not sitting.