AUGUST SCHUSTER, Defendant in Error, *vs.* THE KANSAS CITY, ST. JOSEPH & COUNCIL BLUFFS RAILROAD COMPANY, Plaintiff in Error.

1. *Practice, Supreme Court—Conflict of evidence.*—In civil actions at law Supreme Court will not consider questions of conflicting evidence.

2. *Railroad—Deductions from pay rolls of workmen of amounts due merchant for supplies—Implied assumpsit.*—A railroad company having become liable to pay the wages of workmen employed by contractors(Wagn. Stat., 302, ₰ 10) deducted, on their pay rolls, charges for sundry goods theretofore furnished the men by a merchant under an agreement entered into by him with the contractors. On the rolls, and pursuant to the agreement, the amounts purchased were entered as payments made on the wages account and as due from the contractors to the merchant; *Held*, that, being a stranger to the agreement, the company was not liable to the merchant under it for such advances; and its deductions of the amounts due the merchant from the wages of the men would not, of itself, raise an *assumpsit* in his favor against it. And it would be liable, notwithstanding, to the employees for the unpaid balances. But they having acquiesced in that mode of settlement, the merchant could recover those sums from the company on an implied undertaking to pay the same.

3. *Assumpsit—Promise made for third party.*—A promise made for his benefit may be sued upon by a third person.

*Error to Andrew Circuit Court.*

*Mossman & Hall,* for Plaintiff in Error.

*A. J. Harlan, with W. S. Greenlee,* for Defendant in Error.

WAGNER, Judge, delivered the opinion of the court.

This was an action commenced by the plaintiff against the defendant, wherein the amount claimed to be due was the sum of thirteen hundred dollars.

From the record it appears that plaintiff was a merchant, and that Parker & Wills, who were contractors to do certain work for the defendant, made an arrangement with him, by which he was to let their laborers have goods on their orders. He did let the laborers have goods to the amount claimed in the petition. Subsequently, Parker & Wills failed to pay their laborers; and they gave notice in accordance with the statute, whereby defendant became liable to them for thirty days' wages.

Schuster v. Kas. City, St. Jo. & Council Bluffs R. R. Co.

Under the evidence and ruling of the court a verdict was found for plaintiff, for one hundred and eighty-four dollars and thirty-five cents.

The arrangement entered into by the plaintiff with Parker and Wills, by which plaintiff paid that firm's laborers by orders out of his store, devolved no responsibility on the defendant to see that plaintiff was paid. It was a contract between those parties, to which defendant was an entire stranger and for the goods furnished according to its terms, it could not be made liable; and so the jury must have found, when the greater portion of plaintiff's claim was rejected. But under the notice given to the defendant, the company was liable to the laborers for thirty days' wages, and there was evidence submitted going to show that when the company paid the hands under this liability, the payment was made on pay rolls which had been kept by the foreman, and that those rolls showed certain amounts on some of the claims which had been paid by plaintiff; that these amounts which had been paid by plaintiff were deducted by the paymaster as so much received by the parties, which was due and payable to plaintiff and that the settlement was adjusted on this basis. It was for these sums so deducted by the defendant's paymaster, that the jury found their verdict.

There was some contradictory evidence, it is true, introduced by the defendant, but with that we have nothing to do. The jury passed upon it and that concludes us.

The simple fact that defendant, in paying the hands, deducted from their accounts what was due to the plaintiff would not, of itself, raise an assumpsit in his behalf. If the laborers or hands had refused to accede to the arrangement, they would not have been prevented from maintaining their action against the defendant for the balance withheld for plaintiff's benefit. But it appears, plainly enough, that the parties to whom the debts were owing acquiesced in and agreed to the manner in which they were paid off. The parties whose claims were thus paid were the witnesses by whom plaintiff mainly proved the facts. Under these circumstances there

was an implied undertaking, that defendant' would pay the respective amounts deducted to the plaintiff; and it has been frequently held in this court, that a promise made for the benefit of a third person, may be sued upon by such person.

The judgment should be affirmed ; the other judges concurring, except Judge Sherwood, who is absent.