GEORGE CRESS, Respondent, *vs.* E. A. BLODGETT, Appellant.

1. *Contracts—Consideration moving to third person, etc.*—It is now the settled law in this State and elsewhere, that a promise made to one, for a valuable consideration, moving from him to another who agrees to pay a sum of money to a third person, will support an action by the latter.

2. *Vendor and purchaser—Dependent and independent covenants*—*Consideration moving to third party.*—Where A. covenanted to convey to B. by deed of warranty a tract of land, in consideration that B. should assume a mortgage on the land and give his note for a balance due from A. to C., and B. permits the property to be sold under the mortgage to a third party, it is not necessary, in order to entitle C. to recover on his note against B., to deliver to the latter a deed to the land from A. The payment by B. of the mortgage note and discharge thereby of the liens were a condition precedent to his right to the deed.

*Appeal from Johnson County Circuit Court.*

*Waters & Winslow,* for Appellant, cited: Logan vs. Tibbett, 4 Greene, [Iowa] 389 ; Pillow vs. Brown, 26 Ark. 240 ; Edgell vs. Tucker, 40 Mo. 526 ; 2 Pars. Contr., p. 529 ; Bank of Columbia vs. Hajner, 1 Pet. 465 ; Freeland vs. Mitchell, 8 Mo. 487 ; Cunningham vs. Morrell, 10 Johns. 203 ; Wadlington vs. Hill, 10 S. & M. [Miss.] 560 ; Pegues vs. Moby, 7 S. & M. [15 Miss.] 340 ; Liddell vs. Sims, 9 S. & M. [17 Miss.] 612 ; Doe vs. Thompson, 2 Foster [N. H.] 217 ; Wellman vs. Dismukes, 42 Mo. 101 ; Dietrich vs. Franz, 47 Mo. 85 ; Hunt vs. Livermore, 5 Pick. [Mass.] 395 ; Kane vs. Hord, 13 Pick. [Mass.] 281 ; Denny vs. Kile, 16 Mo. 451 ; Johnson vs. Wygant, 11 Wend. 48 ; Kaye vs Dutton, 7 M. & G. 807 ; 2 Am. Lead. Cases [4 ed.,] pp. 185, 200, 201, 202, 242, 243.

*A. B. Jelmore,* for Respondent, cited: Rogers vs. Gosnell, 58 Mo. 589 ; Tate vs. Barcroft, 1 Mo. 163 ; Dube vs. Smith, Id. 313 ; Wear vs. McCorkle, Id. 588 ; Wathen vs. English, Id. 746 ; Crocker vs. Mann, 3 Mo. 472 ; Orth vs. Dorschlein, 32 Mo. 366.

HENRY, Judge, delivered the opinion of the court.

The plaintiff sued defendant on a promissory note, executed by defendant on the 3d day of May, 1872, for $520, payable to

Wells H. Blodgett on the 1st day of September, 1872, and alleged in the petition that it was assigned and delivered to him on the day of its date.

There was a verdict and judgment for the plaintiff from which defendant has appealed to this court.

The answer denies that the note was ever assigned and delivered to plaintiff, but alleges that plaintiff, by fraud, obtained possession of the same from said Wells H. Blodgett, with whom it had been left by defendant to be delivered to plaintiff when one James Robie should have executed a deed to defendant for his undivided half of a lot of ground in the town of Warrensburg.

The issue made as to the delivery of the note was found against defendant, and as no complaint is made of declarations of law on that subject, the finding of the court will not be disturbed, and we shall assume, in the consideration of the other questions arising in the case, that the note in question was, at the date of its execution, delivered to plaintiff.

The facts—about which there is no controversy—are, that defendant and one James Robie were partners in the drug business, at Warrensburg, Mo., and on the 26th day of October, 1871, entered into a written agreement for the dissolution of their co-partnership and settlement of its affairs, and also for the dissolution and settlement of another co-partnership for the manufacture of " Missouri Baking Powders," composed of Robie and defendant and one Simmons, who was also a party to said agreement ; but inasmuch as the stipulations in regard to this latter co-partnership have no bearing upon this case, they will receive no further notice.　In that agreement it was stipulated, between said Robie and defendant, that Robie should sell and Blodgett buy the interest of the former in the lot before mentioned, at a price to be fixed by disinterested parties to be selected by them.　They owned said lot jointly.

On the 6th day of December, 1876, Robie and Blodgett entered into another written agreement which, reciting the dissolution of said firm, and the existence of a mortgage on the lot, executed by said Robie to Johnson county, on the 12th day of De-

cember, 1867, for $601, and a subsequent deed of trust on the lot, executed by said Robie to plaintiff for $545, and that under the written agreement of October 26th, 1871, the price of Robie's interest in the lot had been fixed at $775, contains the following stipulation : "In consideration of the fact above mentioned, I, the said James Robie, do hereby agree to grant, bargain and sell to said E. A. Blodgett, all my right, title and interest in and to the said real estate aforesaid, for the consideration of $775.00. And the said E. A. Blodgett, in consideration thereof, hereby agrees and binds himself to assume and pay off said notes of said Robie to the county of Johnson and George Cress," with interest, amounting in the aggregate to the sum of $1,146.45, and for the excess of that indebtedness over the price of the lot, $371.45, it was agreed that Blodgett should retain it out of Robie's interest in the notes and accounts owing to the firm, which he held for collection. Subsequently Cress and Blodgett met, and by an arrangement between them, an account owing by Cress, to Robie & Blodgett for drugs, was paid by deducting it from Robie's said indebtedness to Cress, and thereupon Blodgett executed the note in question for the balance, in compliance with the agreement made with Robie. After the execution of the note, the interest of Robie in the lot in question was advertised and sold under the mortgage to Johnson county, and purchased by Wells H. Blodgett, Robie's security on the note, who paid for it the amount of the note and interest. Plaintiff still holds the note against Robie, and has not entered satisfaction of his deed of trust.

Defendant, in his answer, relies upon the above facts to show that there was no consideration for the note, or that the consideration has failed, and contends that before plaintiff can recover against him on the note, he is bound to deliver to defendant a deed from Robie for the lot in question.

The undertakings of vendor and vendee are ordinarily dependent, and to entitle the vendor to recover the purchase money he must aver, in his petition, a performance or an offer to perform on his part, and sustain it by proof.

If a contrary intention, however, appear, that will prevail in determining the dependence or independence of the covenant. (Freeland vs. Mitchell, 8 Mo. 488 ; Cunningham vs. Morrell, 10 John. 202 ; Wadlington vs. Hill, 10 S. & M. [Miss.] 560 ; Wellman vs. Dismukes, 42 Mo. 101 ; Deitrich vs. Franz, 47 Mo. 85 ; Hunt vs. Livermore, 5 Pick. 395 ; Kane vs. Hord, 13 Pick. 281.)

Whether the doctrines which prevail on this subject, as between vendor and vendee, are applicable to the case at bar, we will not determine, but it might well be doubted, as it is now settled in this State and elsewhere, that a promise made to one for a valuable consideration, moving from him to another, who agrees to pay a sum of money to a third person, will support an action by the latter. (Rogers vs. Gosnell, 58 Mo. 589 ; Meyer vs. Louck, 44 Mo. 328 ; Rogers & Peak vs. Gosnell, 51 Mo. 466 ; Lawrence vs. Fox, 20 N. Y. 268.)

But assuming that those doctrines are equally applicable to one standing in the relation to the vendor or vendee occupied by the plaintiff, what was the intention of the parties in regard to the dependence of the obligation of the vendor to convey the lot and that of the vendee to pay the debts which were a lien upon the land ?

If the vendor had conveyed his interest to the vendee, the latter would have held the land subject to the debts he had promised to pay, and it was perfectly understood by both parties that the vendor could not make a good title, and the very incumbrances which hindered him from making such a title, the vendee agreed to pay off and discharge. As the conveyance by the vendor would not have invested the purchaser with a clear title, it was evidently the intention of the parties that the mortgage debts, which the purchaser had agreed to pay, and which exceeded, by several hundred dollars, the price of the lot, should first be satisfied ; for unless that were done the vendor could not make the vendee a title. Whose fault was it that the vendor could not make a title ? The lot was advertised and sold under the mortgage to Johnson county, given to secure one of the debts which the defendant agreed to pay, and he stood by and permitted it to

be sold to a purchaser for the amount of that debt. If he had complied with his contract with Robie and paid that debt, or purchased the property at the sale under the mortgage, in the former case, he would have had the control of the mortgage, and could have had no difficulty in procuring a complete title by taking an assignment of plaintiff's note and mortgage, because the two incumbrances which he had agreed to pay greatly exceeded the value of Robie's interest in the lot, and by purchasing at the mortgage sale he would have acquired a complete title. To permit the defense he now makes to avail him, would be to allow him to take advantage of his own wrong.

The appellant complains of the declaration of law, given by the court at the instance of plaintiff, that by the agreement between Robie and defendant, the obligation of defendant was to pay off the mortgage debts immediately. It does not appear from the evidence whether those debts were then due or not.

A fair interpretation of the agreement is, that defendant bound himself to pay those debts according to the terms of the notes and mortgages. If then due, defendant's obligation was to pay them immediately ; if not due, then at their maturity. As the evidence on that point is not preserved, we cannot say whether the instruction was erroneous or not. We cannot presume that the instruction was wrong, but, on the contrary, must suppose that it is warranted by the evidence. Conceding that it was erroneous, however, it could not possibly have prejudiced defendant, because he fixed a time for the payment of plaintiff's debt by the note in suit, which was certainly due when this action was commenced.

The judgment is affirmed, the other judges concurring.