MOSMAN, *Administrator*, v. BENDER, *Appellant.*

1. **Administrator**: PROMISE MADE TO, AFTER DECEDENT'S DEATH. An administrator can sue in his representative capacity on a promise made to him after the death of the decedent, for the benefit of the estate.

2. ———: CONTRACTS BY. Where an administrator, acting for the best interests of the estate, releases a levy of execution on land which is subject to a lien of a prior judgment in favor of a third person for more than its value, in consideration of a promise to him to pay one-half of the judgment due the estate, such contract is not unlawful, and may be enforced against the promisor.

3. **Practice**: INSTRUCTIONS. Instructions based on a defense not raised by the answer, or on facts stated therein not constituting a defense, are properly refused.

*Appeal from Buchanan Circuit Court.*—HON. WM. H. SHERMAN, Judge.

AFFIRMED.

*Ramey & Brown* for appellant.

The plaintiff cannot maintain this suit upon the con-

tract set out in the petition, in his representative capacity as administrator of Moss, and any defense can be made by defendant which could be made against Mosman, were he suing as an individual. *Harney v. Dutcher*, 15 Mo. 89, and cases there cited. The administrator cannot charge the estate with any indebtedness. *Taylor v. Wyatt*, 26 Conn. 184; *Halloch v. Smith*, 16 Reporter 778. The statute withholds from the administrator the authority to assign, release, or in any way to compound or meddle with any security belonging to the estate, except to collect the same, or to use it in payment of liabilities of the estate at its face value. Wag. Stat., p. 89, § 30; *State v. Berning*, 74 Mo. 89; *Chandler v. Stevenson*, 68 Mo. 450; *Weil v. Jones*, 70 Mo. 560; *Stagg v. Green*, 47 Mo. 500. The contract set up by defendant is against public policy. *Porter v. Jones*, 52 Mo. 399; Perry on Trusts. pp. 533, 534; *Atlee v. Fink*, 75 Mo. 100; *Witmore v. Porter*, 92 N. Y. 76. Plaintiff having agreed to recall the execution, and that no other one should issue, he violated his agreement in issuing a second one, and defendant was released.

*J. D. Strong* and *H. K. White* for respondent.

Mosman had the power to make the agreement sued upon. *Hand v. Motter*, 73 Mo. 457; *State v. Meagher*, 44 Mo. 356; *Foster v. Davis*, 46 Mo. 268; *Julian v. Abbott*, 73 Mo. 580; *Burkendorf v. Vincenz*, 52 Mo. 441; *Fudge v. Durn*, 52 Mo. 264; *Gamble v. Gibson*, 59 Mo. 585; *Merritt v. Merritt*, 62 Mo. 150; *Judge v. Booge*, 47 Mo. 550. The estate was the real party in interest, and entitled to sue on the contract. R. S., § 3462; *Rogers v. Gosnell*, 58 Mo. 589; *Faulkner v. Faulkner*, 73 Mo. 327. The new matter in the answer stated no defense to plaintiff's action. *Faulkner v. Faulkner*, 73 Mo. 327; *Smith v. Gregory*, 75 Mo. 421. The defendant's instructions were rightly refused. *Kitchen v. Railroad Co.*, 67 Mo. 224; *Buel v. Buckingham*, 16 Iowa 284; *Leabo v. Goode*, 67 Mo. 126.

EWING, C.—The petition in this cause alleges that Geo. B. Moss obtained judgment against Willis M. Sherwood, Lyman W. Dinsmore and James T. Beach for $571, and died; that afterwards the plaintiff, Mosman, was appointed his administrator; that said judgment was a lien upon the real estate of the said Willis M. Sherwood and James T. Beach, defendants therein, and an execution was issued and levied on certain lands belonging to them, and the same were advertised for sale to satisfy said execution. That at said time the defendant and one James Hunter were about to become interested in the lands owned by Willis M. Sherwood, which were advertised for sale as aforesaid, and on the 14th day of January, 1874, an agreement was entered into by defendant, on behalf of himself and the said Hunter, and this plaintiff, as administrator of the estate of the said George B. Moss, deceased, on behalf of said estate, whereby it was stipulated and agreed that this plaintiff should as such administrator, recall said execution and not permit or allow a sale to be made under the levy thereof, of the lands of the said Sherwood, but return the same, and that the defendant and the said Hunter would purchase said lands so bound by the lien of said judgment, owned by the said Sherwood, and would pay to the estate of the said George B. Moss, deceased, the one-half of the sum due to said estate upon said judgment. That in pursuance of said agreement this plaintiff, as such administrator, stopped the sale of said lands, under said execution and advertisement, and said lands were not sold thereunder, and said execution was by his order returned; that in pursuance of said agreement and understanding, the defendant and said Hunter purchased said land and caused it to be conveyed to the defendant, paying therefor not more than one-seventh of. its market value, and the defendant, on behalf of himself and said Hunter, took the possession, control and management thereof, negotiated a sale of said lands and sold and conveyed the same, or

caused the same to be sold and conveyed, to one Colt, and defendant received the sum of $3,500, the proceeds of said sale, and set apart out of said funds so in his hands, with the consent of the said Hunter, the sum of $300 to pay the said one-half of the amount due on said judgment to said estate, and by and with the consent of said Hunter and of this plaintiff, who as an individual had become interested in the proceeds of the sale of said land, retained in his hands said sum of $300, in pursuance of said original agreement, as money due and owing to the estate of Geo. B. Moss, deceased, as the one-half of the sum due it upon said judgment, and promised and agreed with them to pay the same to said estate, and in consideration thereof was permitted to and did take credit for said amount in his said accounts with said Hunter and this plaintiff. That this plaintiff, relying on the agreement made by the defendant as aforesaid, to pay to said estate the one-half of the sum due to it on said judgment, refused to sell said land under said execution, recalled the same and returned it, and permitted the lien of said judgment to expire, and thereupon defendant refused as aforesaid to pay said amount.

Defendant, answering, says that about the month of March, 1873, the said plaintiff and his then law partner, James Hunter, and William M. Albin and this defendant were interested in certain lands which had formerly belonged to one Willis M. Sherwood, and on which it was claimed that a judgment in favor of Geo. B. Moss, against said Sherwood was a lien. That an execution had been issued on said judgment, and had been levied on said land; that it was agreed between said parties, that is to say, the said plaintiff, this defendant, the said Hunter, and the said Albin, that they would jointly, out of their interests in said lands, or of the proceeds of the sale thereof, pay on account of said judgment in favor of said Moss one-half thereof, if plaintiff as administrator of the estate of the said Moss would cause the execution issued on said judgment, to be returned without any sale of

said property being made, and would not cause another execution to be issued on said judgment. That at the time of the rendition of the said judgment in favor of Moss against Sherwood, the lands of Sherwood were subject to a prior lien, to the extent of about $4,000, which was and is a greater sum than the value of all the lands the said Sherwood then had, or at any time since has had, here or elsewhere; and that this defendant acquired the title of said Sherwood to said lands of Sherwood, under and by virtue of said prior lien thereon. That afterward said land was sold by defendant for the benefit of defendant, plaintiff, Albin and Hunter. That a part of the amount for which said land was sold was by the agreement of said parties to pay various liabilities incurred by them on account of said land, and which was supposed at the time to be sufficiently large to pay all such liabilities and all other liabilities that they might incur to perfect their title to said land. That after the sale, a division of the proceeds, less the amount set apart to pay liabilities, was made, and $556.54 paid to plaintiff as his share of the sale. That the amount of money set apart for the payment of liabilities, incurred on account of said land as aforesaid, has been paid out on account of such liabilities, without any part thereof being applicable to the payment of the Moss judgment. That plaintiff has persistently refused to contribute the money or any part thereof necessary to pay one-half of the Moss judgment. That Hunter had not contributed his share; and that Albin and defendant had not recovered their share of the sale proceeds. That plaintiff, afterward in violation of his agreement, sued out execution on said judgment and sold said land.

The evidence tended to prove the allegations for both plaintiff and defendant; but the defendant objected to all the evidence offered by the plaintiff upon the ground that the petition did not state a cause of action, which is the overruling question in the case, and which was also raised by numerous instructions.

I.   The appellant insists that the respondent cannot maintain this suit in his representative capacity, because it is a promise made to him since the death of Moss.

It has been frequently held that a promise made for the benefit of a third person may be sued upon by such person. *Schuster v. K. C. St. Jo & C. B. R'y Co.*, 60 Mo. 290.   A contract made with a party, for the benefit of another, may be sued on by either. *Rogers v. Gosnell*, 51 Mo. 466.   Here the promise was made to Mosman "to pay to the estate of the said Geo. B. Moss deceased, the one-half of the sum due to said estate upon said judgment."   The estate was the real party in interest, and the suit was brought by plaintiff as the administrator; or, it might have been maintained in the name of Mosman, the trustee of an express trust.  R. S., § 3463; Bliss Code Plead., § 53; *Knox v. Bigelow*, 15 Wis. 415.   This is not in conflict with *Harney v. Dutcher*, 15 Mo. 90.   There the question was, could an administrator *de bonis non*, sue, by virtue of his office, on a note made payable to the preceding administrator. *Lessing v. Vertrees*, 32 Mo. 431.

II.   Appellant insists that the contract is void; that under the statute the administrator had no authority to release the lien of the estate, or to compound the Moss judgment in any way, without authority of the probate court, and that, as the contract is unlawful, the wrong-doer cannot enforce it.

There is no doubt but that administrators and executors derive their authority from the statutes, and orders of the probate courts. *Chandler v. Stevenson*, 68 Mo. 450; *Weil v. Jones*, 70 Mo. 560. And, if he depart from this rule, it must be in the exercise of such sound discretion as will bear the strictest scrutiny and show the best faith.  Cases must arise in the administration of estates of deceased persons, which absolutely require the exercise of a sound discretion on the part of the administrator, who acts in the capacity of a trustee.   In *Gamble v. Gibson*, 59 Mo. 596, it is said, "exigencies may arise in which trustees are bound

to assume responsibilities in order to protect the trust fund, and although they are held to great strictness in its management, they will not be dealt harshly with when it appears they have acted in good faith." In *Julian v. Abbot*, 73 Mo. 580, it is held that " an administrator is bound to use all the care, diligence and caution in the management, collection and protection of the assets of the estate, that a prudent and-careful business man would use, in the care and management of his own business, and, if necessary, may employ an agent to assist him in the collection of the assets of the estate; but if loss occurs by reason of the financial failure of the agent, without any collusion, negligence or inattention on his part, he is not liable for the loss." *Merrit v. Merrit*, 62 Mo. 150.

In the case under consideration, the defendant's answer develops the fact that the land of Sherwood was subject to the lien of a prior judgment for more than its value. This being true, it surely was not against public policy that the administrator should agree to relinquish his lien upon the promise, to pay one-half of that judgment lien. If the allegation of the defendant be true in this regard, the release of the junior judgment lien was a mere formality that could do the estate of Moss no harm whatever, and would be the means of securing payment of one-half the debt. Here was no "attendant fraud or unfair dealing or abuse of the confidence reposed in the trustee." The pleadings and evidence on the contrary show that the administrator was acting for the best interests of his decedent's estate. *Benkendorf v. Vincenz*, 52 Mo. 441; *Fudge v. Durn*, 51 Mo. 264; *Judge v. Booge*, 47 Mo. 550 ; *Chesley v. Chesley*, 49 Mo. 540.

III. The third point made by the defendant is : That the plaintiff not only agreed to recall the execution issued on the Moss judgment, but also agreed that no other execution should issue; that the subsequent issuing of an execution and sale of the land thereunder was a violation of the agreement and released defendant.

If this proposition constituted a valid defense, it should

have been so pleaded that an issue could be joined and submitted to the jury. The answer itself shows that the issue of a second execution and sale thereunder, would work no material damage to the defendant. It shows that the judgment lien had expired; that defendant had bought the land under the prior lien; that he had sold it to an innocent purchaser for $3,500, and divided the proceeds. The answer alleged no damage to defendant by virtue of the second execution, and hence there was no error in refusing an instruction upon that point.

Other questions were learnedly discussed by counsel, but those passed upon must be decisive of the case, and it is useless to consider bare questions of law which cannot affect the conclusion reached. The questions presented by the instructions have been disposed of as far as necessary.

Indeed upon the pleadings in the case we are of opinion the plaintiff should have judgment, and the action of the court below is affirmed. All concur.