POSTHLEWAITE v. GHISELIN, *Appellant.*

1. **Practice, Civil**: REVIVAL OF SUIT : JURISDICTION. Where, pending suit, the defendant dies, and after the lapse of three terms of court, but within two years from the date of his death, his executor appears, in response to a summons for revival, and files an answer to the merits of the action, but not pleading the statute of limitations or other affirmative defense, the court has jurisdiction to revive the suit.

2. ———— : JUDGMENT : COLLATERAL ATTACK. The failure of an executor to plead the general statute of limitations in an action against his decedent, revived against him, or to plead any particular defense thereto, will furnish no reason for enjoining the enforcement of the judgment against him as an allowance against his decedent's estate, as against an assignee of such judgment, the latter not being void for want of jurisdiction.

*Appeal from St. Louis City Circuit Court.*

REVERSED AND REMANDED.

THIS is a suit to enjoin the enforcement of a demand allowed and classified in the probate court.

The facts disclosed by the petition ( so far as need be recited for the purposes of the decision ) are as follows :

An action was brought, in 1863, in the St. Louis circuit court by Robt. Ober and others against John

B. Carson to recover the priçe of thirty-four bales of cotton alleged to have been sold and delivered to Carson. The action was pending and undetermined when Carson died. His death was suggested at the October term, 1866. No steps were taken to revive the cause until February, 1868, during which time six regular terms of the circuit court elapsed. A summons to show cause against revival was then issued and served on the executor, who, at the April term, 1868, appeared and filed an answer to the merits of the action, denying the plaintiff's allegations, but not pleading the statute of limitations or other affirmative defense.

The litigation resulted in a judgment against the executor of Carson for a large sum, which was affirmed on appeal by the supreme courts of Missouri and of the United States. That judgment (having been allowed and classified in the probate court against said estate) was assigned to one of the present defendants. It is sought in this preceeding to enjoin its enforcement on the ground that, as the original action was not revived against the executor within three terms after the suggestion of death, the circuit court had no jurisdiction over the executor, and that it was his duty to plead such abatement of the action as well as the bar of limitation to the plaintiff's demand.

The circuit court overruled a demurrer to the petition. Defendant declining to plead further, a perpetual injunction against the enforcement of the probate allowance in question was decreed. Defendant appealed.

*Given Campbell* for appellant.

(1) The petition did not state facts sufficient to constitute a cause of action. The court had jurisdiction of the subject-matter, and of the parties, and heard the cause on its merits, and judgment was rendered, which our law defines to be a final determination of the rights of the parties to the action. R. S. sec. 3672 ; *Grignon's*

*Lessees v. Astor*, 2 How. 338. (2) Neglect to plead defenses that might have been pleaded at the trial of the cause, and which, if pleaded, would have defeated the action, constitutes no ground for opening the judgment by a bill in equity. *Hotel Ass'n, v. Parker*, 58 Mo. 327, 329; *Carolus v. Koch*, 72 Mo. 645; *Payne v. O'Shea*, 84 Mo. 129, 133, 138. (3) The right to abate the suit of *Ober v. Carson* was a defense, and, like all defenses, should have been plead by the executor; and, by not pleading it, he waived it. A *scire facias* was not the commencement of a new suit, but virtually a call or rule upon the debtor's representative to show cause why the cause should not proceed against him. It was issued in this case, and, though it is sued after the third term, the executor did not choose to set that up as a cause, but appeared and filed his answer to the merits. A voluntary appearance is equivalent to personal service of summons. *Chrystal v. Henry*, 88 N. Y. 293. The appearance of a defendant is a waiver of the issuing of a summons, or any defect in its issuing or service, and any defect in publication. Work's Indiana Prac. sec. 222; *Little v. Harrington*, 71 Mo. 39; *Ranney v. Bostick*, 15 Mo. 215. Pleas in abatement are waived if not pleaded. *Shepard v. Graves*, 14 How. 505; *Fordyce v. Hathorn*, 57 Mo. 120; *Ripstein v. Ins. Co.*, 57 Mo. 86; *Moody v. Deutsch*, 85 Mo. 214; *Hotchkiss v. Thompson*, 1 Morris (Iowa) 156, 438; *Hastings v. Bolton*, 1 Allen (Mass.) 529.

*H. A. Haeussler, Leonard Wilcox* and *E. T. Farish* for respondent.

(1) "The statute in relation to the abatement of suits and their revival, is in the nature of a statute of special limitations, and, after the expiration of the time therein limited, no writ of *scire facias* can issue; and it is very questionable whether heirs, devisees or creditors would be bound by any appearance on the part of an administrator after a lapse of such period. No provisions are

made for extending the time so limited under any circumstances, the language of the statute seems to be imperative, and we are not now prepared to say that there are any exceptions to its requirements." *Ruther-ford v. Williams*, 62 Mo. 253 ; *Beardslee v. Morgner*, 73 Mo. 24. (2) The suit having abated by the force of the statute ( R. S. 1879, sec. 3668 ), the court lost jurisdiction over the parties to the suit, and all proceedings thereafter were null and void. And a judgment being void for want of jurisdiction over the parties, the exhibition and classification of such judgment in the probate court did not constitute a valid allowance of the claim against the decedent's estate. *Wernse v. McPike*, 76 Mo. 252. (3) The original judgment in the case of *Ober v. Carson's Adm'r*, [being void, and incapable of being reversed on appeal, the circuit court, in this proceeding, had power to enjoin it and vacate proceedings under it. Freeman on Judg. sec. 497 ; *Bornshien v. Fink*, 13 Mo. App. 120.

BARCLAY, J.—I. The principal question here presented is whether the lapse of three court terms, after the suggestion of defendant Carson's death, deprived the circuit court of jurisdiction to proceed further with the cause, in view of the subsequent appearance of the executor to the merits of the action.

The cause of action in the original case was an ordinary one upon contract for the purchase and sale of cotton. It was such as by its nature survived against the executor under our laws. R. S., 1879, secs. 96, 97. Had there been no action pending when Carson died, it would have been clearly within the power of his executor to enter appearance voluntarily to a new action of the same nature as the old, at the date when his appearance was actually entered in the pending action. At the date when he filed his answer as executor two years had not elapsed since the death of Carson, as the petition in this case shows. Hence the special

administration limitation would then have been no bar to an ordinary presentation of plaintiff's demand to the executor. The circuit court at that time certainly had jurisdiction of the subject-matter of the pending action, by which is meant that that court had jurisdiction of causes of the general class to which that action belonged. Having jurisdiction of the subject-matter, all that was further necessary to complete the court's jurisdiction in the particular case was to obtain jurisdiction over the parties to it. This it did when the executor filed his answer to the merits therein.

No valid reason has been suggested why the executor might not as lawfully give the court jurisdiction of the parties by his voluntary appearance in the pending action, after the time for its regular revival had expired, as he might have done by his entry of appearance to a new action of the same nature. The latter step he undoubtedly might properly have taken. R. S., secs. 186, 191, 3485. We regard the course actually adopted by him and here in question as of the same effect. *Roberts v. Marsen*, 23 Hun, 486; *Greenlee's Admr. v. Bailey*, 9 Leigh, 526.

The facts of the present case clearly distinguish it from *Rutherford v. Williams*, 62 Mo. 252, where the right to revive a pending action after the lapse of the statutory period was denied. There the objection to such revival was made in the original cause. It was a sound objection so made. Here the objection was not suggested in the original proceeding at any time. It was first made in the present suit, a collateral proceeding to the former one. Hence the decision in *Rutherford v. Williams, supra*, is not to the point in this case.

Here a state of facts is disclosed more nearly resembling that reviewed in *Tippack v. Briant*, 63 Mo. 580. There a cause (over which the court originally had no jurisdiction, but which was brought within it by legislation pending the action) was dismissed by the court,

but afterwards reinstated by consent of parties. The judgment was challenged in the same proceeding on appeal. This court met the objection of want of jurisdiction thus : "After the cause was out of court, it was, by the action of the parties and the court, restored to the docket at a time when the court possessed full and complete jurisdiction over all the matters in controversy. This action, we think, was equivalent to a voluntary appearance of the parties, and a submission by them anew of their dispute to the court. By law the court had acquired jurisdiction of the amount in controversy, and in order to complete its jurisdiction over this particular cause, it was only necessary that the parties should submit to its jurisdiction, and this they did."

The same principles applied here, we think, dispose of the objection to the jurisdiction of the court in the original action. That objection could have no force now unless the consequence of such lapse of time in the revival of the action was to render all subsequent proceedings therein void. We do not think that consequence results for the reasons already outlined, and in view of previous decisions bearing incidentally on the conclusion we announce. *Fine v. Gray*, 19 Mo. 33; *Coleman v. McAnulty*, 16 Mo. 173; *Thompson's Adm'r v. Williams*, 4 S. W. Rep. [Ky.] 914; *Mosman v. Bender*, 80 Mo. 579.

II.  The omission of the executor to plead the general statute of limitations to the plaintiff's demand in the original action, or, indeed, to make any particular defenses in that case, cannot impair the validity of the judgment therein rendered. The present is not an action on the executor's bond. The propriety of his conduct of the defense in that cause is immaterial upon any theory which has been suggested to support the supposed cause of action stated in the petition. If the judgment complained of was not void for want of jurisdiction ( as we have ruled) the executor's failure to make any special defenses in that action furnishes no

reason, on the facts here disclosed, to enjoin its enforcement in this suit as against an assignee of the judgment.

We are of opinion that the petition entirely fails to state a cause of action.

Accordingly the judgment is reversed and the cause remanded with the direction to sustain the demurrer. All the judges concur.