THE T. W. HARVEY LUMBER COMPANY, Appellant, v. THE HERRIMAN & CURD LUMBER COMPANY, Respondent.

St. Louis Court of Appeals, February 4, 1890.

1. **Debtor and Creditor : NOVATION.** If a contract is made between two persons, whereby the one for a valuable consideration assumes and agrees to pay a certain debt owing by the other, the holder of the claim thus assumed may, though not a party to the contract, recover the amount of the claim from the person assuming it.

2. **Pleading Misnomer.** A person sued by a wrong name should appear to the action by his correct name.

3. **Evidence:** ADMISSIBILITY OF SECONDARY EVIDENCE. When an instrument in writing is neither within the jurisdiction of the court nor within the control of either of the parties to the suit, secondary evidence of its contents is admissible.

4. ———— : ADMISSIBILITY OF PAROL EVIDENCE. When a part only of a contract has been reduced to writing, oral evidence is admissible to show the residue of the contract.

*Appeal from the Hannibal Court of Common Pleas.*
HON. G. PORTER, Special Judge.

AFFIRMED.

*Harrison & Mahan,* for the appellant.

Appellant's objection to the introduction of any evidence should have been sustained. There was no privity of contract between appellant and respondent. The answer of respondent did not state a cause of action. *Manny v. Frazier,* 27 Mo. 419 ; *Page v. Becker,* 31 Mo. 466 ; *Vrooman v. Turner,* 69 N. Y. 280. The Herriman & Curd Lumber Company voluntarily entered its appearance in this action ; that corporation was not sued by appellant. The suit is against the Herriman & Curd Company, an entirely different corporation. It was not made to appear on the trial of the cause that respondent had before the commencement of this suit given appellant notice of such assignment, an essential requirement under the statute. R. S. 1879, sec. 2916. Appellant's objection to the introduction in evidence of the memoranda or exhibit "A" should have been sustained. Exhibit "A" was a copy. There was no attempt to account for the absence of the original. 1 Greenl. Ev., sec. 558. Appellant's objections to parts of the depositions of J. M. True and John C. Hays should have been sustained. It was fully shown by the evidence that the agreement between the parties was

reduced to writing and duly signed by them. This agreement was the best evidence, and parol testimony is not competent to vary or contradict the writing. 1 Greenleaf on Evidence, sec. 305 ; *County of Johnson v. Wood*, 84 Mo. 489 ; *Bunce v. Beck*, 43 Mo. 266 ; *State v. Lefaivre*, 53 Mo. 470 ; *Langdon v. Langdon*, 4 Gray, 186 ; *Bailey v. Railroad*, 17 Wall. 96 ; *Gould v. Norfolk Lead Co.*, 9 Cush. 338 ; *Greeny v. Holly*, 14 Wend. 26 ; *Cook v. Shearman*, 103 Mass. 21 ; *Mackey v. Story*, 3 Otto, 589.

*R. E. Anderson*, for the respondent.

The decisions in *Manny v. Frazier*, 27 Mo. 419, and *Page v. Becker*, 31 Mo. 466, have been in effect repeatedly repudiated. *Bank v. Benoist*, 10 Mo. 521 ; *Robbins v. Ayers*, 10 Mo. 538 ; *Meyer v. Lowell*, 44 Mo. 328 ; *Flannagan v. Hutchinson*, 47 Mo. 237 ; *Ensworth v. King*, 50 Mo. 477 ; *Rogers v. Gosnell*, 51 Mo. 466 ; *Rogers v. Gosnell*, 58 Mo. 589 ; *Cress v. Blodgett*, 64 Mo. 452 ; *Fitzgerald v. Barker*, 70 Mo. 687 ; *Scruggs v. Alexander*, 72 Mo. 136 ; *Amonett v. Montague*, 75 Mo. 49 ; *Mosman v. Bender*, 80 Mo. 584; *Megher v. Stewart*, 6 Mo. App. 500 ; *Weinrich v. Weinrich*, 18 Mo. App. 371; *Markel v. Tel. Co.*, 19 Mo. App. 85. The copy of exhibit "A" was competent evidence because the original was beyond the jurisdiction of the court. *Ins. Co. v. Cohen*, 9 Mo. 421, 423 ; *Brown v. Wood*, 19 Mo. 475. The paper of which a copy was read was simply a receipt or memorandum operating as an admission against plaintiff. It does not on its face purport to be the expression of a written contract. Under such circumstances, it was competent to orally prove what the agreement therein referred to was. *Rollins v. Claybrook*, 22 Mo. 405 ; *Ellis v. Bray*, 79 Mo. 227 ; *Moss v. Green*, 41 Mo. 389 ; *Bunce v. Beck*, 43 Mo. 266 ; *Liebke v. Knapp*, 79 Mo. 22 ; *Hall v. Morgan*, 79 Mo. 47.

ROMBAUER, P. J., delivered the opinion of the court.

This suit is for a balance of one hundred and thirty-five dollars and forty-eight cents, claimed to be due upon a bill of lumber sold and delivered. The answer admits the sale and value, but avers a counter-indebtedness of the plaintiff to the defendant to the same extent, and claims a set-off, and judgment for costs. Upon the trial of the cause before a jury, the defendant recovered a verdict, and judgment was entered accordingly, from which the plaintiff prosecutes· this appeal.

The errors assigned are, that the answer stated no valid set-off, and that the court erred in admitting any evidence in its support, and that the court erred in admitting illegal evidence for the defendant, and misdirected the jury in its instructions.

The answer of the defendant states, in substance, the following facts : That, heretofore, J. M. True & Co. were indebted to Herriman and others in the sum of four hundred and fifty-one dollars and fifty-nine cents; that this claim was transferred for value to the defendant, whose corporate name is the Herriman & Curd Lumber Company, but which is also known as the Herriman & Curd Company; that, after defendant acquired such claim, the said J. M. True & Co. sold to the plaintiff all its stock in trade, and the plaintiff agreed, in consideration thereof, to pay sundry debts of said J. M. True & Co., including the debt of four hundred and fifty-one dollars and fifty-nine cents due to this defendant; that the defendant demanded payment of such claim from the plaintiff, and the plaintiff did, prior to the institution of this suit, pay to the defendant three hundred and sixteen dollars and eleven cents, leaving the balance of one hundred and thirty-five dollars and forty-eight cents unpaid, which balance the defendant claims to offset in the present proceeding.

The objection, which refers to the sufficiency of the answer, is supported by *Manny et al. v. Frazier's Adm'r*, 27 Mo. 419, and *Page v. Becker*, 31 Mo. 466. These cases hold that, upon a promise, made by A to B, to pay an existing debt of B to C, A is not liable to C, but to B alone; that such an agreement, not being tripartite, is not in the nature of a novation, and hence no privity of contract exists between A and C. That such is the view of the law taken in those cases may readily be conceded. But, while they have never been overruled in express terms, they are utterly irreconcilable with subsequent decisions of the supreme court, and must be considered as overruled. See *Meyer v. Lowell*, 44 Mo. 328; *Flannagan v. Hutchinson*, 47 Mo. 237; *Rogers v. Gosnell*, 51 Mo. 466; s. c., 58 Mo. 589; *Cress v. Blodgett*, 64 Mo. 452; *Fitzgerald v. Barker*, 70 Mo. 687; *Amonett v. Montague*, 75 Mo. 49; *Mosman v. Bender*, 80 Mo. 584. This disposes of the first assignment of error against the appellant.

There is nothing in the plaintiff's contention, that the Herriman & Curd Lumber Company and the Herriman & Curd Company are two different corporations, and that the Herriman & Curd Lumber Company was never sued in this action, but entered its appearance voluntarily, and could not, by so doing, give the benefit of a claim, which it held against the plaintiff, to another defendant who is sued. A party sued by a wrong name may appear to the action by his right name, and it is his duty so to do. Here it appears, from the very inception of the litigation, that there never was but one corporation, and that its corporate name was the Herriman & Curd Lumber Company, although, right or wrong, it sometimes dropped the word "lumber" from its name for sake of brevity or convenience. This appears not only by the uncontroverted evidence, but by many of the original papers filed in the case by the plaintiff itself, in which the Herriman & Curd Lumber Company is named as the sole defendant.

The next objection made by the plaintiff is that the assigned account, which the defendant holds, was improperly admitted in evidence, because it did not appear that the defendant had notified the plaintiff of the assignment prior to the institution of this suit, so as to make the account admissible as a set-off under the provisions of section 2916, Revised Statutes, 1879. This' suit was instituted October 16, 1885. It appeared by the uncontradicted evidence that on the seventh day of January, 1884, the defendant mailed the following letter to the plaintiff :

"HANNIBAL, Mo., January 7, 1884.
"*T. W. Harvey Lumber Company, Chicago, Ill.:*

"GENTLEMEN :—We have been waiting a good while, thinking we would hear from you in regard to the amount you owe us, $451.59, this being the amount you agreed to assume, according to our contract with J. M. True, of Maryville, Missouri. We would be glad to hear from you in regard to it, as we need our money."

And received in return plaintiff's check for $316.11 within a week thereafter, and duly credited the amount of such check on the account, and at once mailed to the plaintiff a receipt, advising the plaintiff that it had been credited on the J. M. True & Co. account with this amount of $316.11. The plaintiff's contention of want of notice is, therefore, disproved by the record, and untenable.

The defendant took in Nebraska the deposition of J. M. True, a resident of that state. As part of such deposition, it offered in evidence a copy of the agreement, mentioned in the answer, between the plaintiff and J. M. True & Co., and this was attached to the deposition and verified by the notary and J. M. True as a true copy. The plaintiff objected to the paper, because it was only a copy and the original was unaccounted for. This objection was properly overruled.

The absence of the original was sufficiently accounted for by showing that it was neither within the jurisdiction of the court, nor within the control of either of the parties to the suit.    Under the circumstances a verified copy was the best evidence, and the contents of the instrument were provable even by parol.    *Brown v. Wood*, 19 Mo. 475.

The paper, thus offered in evidence, purported to be a memorandum or receipt executed by plaintiff to J. M. True & Co., reciting a number of items consisting of stock in trade and accounts as received by plaintiff, and a number of liabilities of J. M. True & Co. (including the claim of Herriman & Waples, which forms the subject of the present set-off), which apparently formed the consideration of the transfer to plaintiff.    The paper did not purport to set out the entire contract between plaintiff and J. M. True & Co., and the defendant proved by True and another witness that it was only a memorandum forming part of an oral contract, by the terms of which the plaintiff, in consideration of the transfer of these assets, agreed absolutely to pay the claims therein enumerated in full.

The plaintiff claimed that the paper on its face indicated that it was an assignment for the benefit of creditors, and that it was chargeable only as trustee, with the amounts realized, and was so chargeable for the benefit of all the creditors of J. M. True & Co., *pro rata*, and the plaintiff also objected to the evidence of True, because it tended to vary and contradict the written instrument.    There is nothing in either of these objections.    Where a part only of a contract has been reduced to writing, oral evidence is always admissible to show the residue of the contract.    *O'Neil v. Crain*, 67 Mo. 250; *Life Ass'n v. Cravens*, 60 Mo. 388. The paper, upon its very face, was incomplete and untelligible without proof of the contract of which it formed part, and, under the evidence before the court,

there was nothing which would have justified it to treat the transaction as a general assignment.

It necessarily follows that the instructions asked by the plaintiff, to the effect that, as a matter of law, the defendant was not entitled to recover on its set-off, and that the transfer from J. M. True & Co. to plaintiff was in the nature of a general assignment, making the plaintiff chargeable only as trustee, were properly refused.

There is no error in the record, and the judgment is affirmed. All the judges concur.