ELVA A. HOWARD et al., Appellants, v. H. B. HARDY, Administrator, Respondent.

Kansas City Court of Appeals, January 27, 1908.

1. CONTRACTS: Third Party: Action. An action made for the benefit of a third party may be enforced by such party.

2. WITNESSES: Deceased Party: Third Party. A widow deeded her interests in certain lands at the request of her father-in-law to the heirs of her husband in consideration that the father-in-law surrender to the heirs certain notes and a mortgage on the land. *Held*, in an action by the heirs against the father-in-law's administrator to recover the notes, the mother was a competent witness, since she had fully performed her part of the contract and had no further relation to or concern in it.

3. ———: ———: ———: Contract. *Held*, further, that the plaintiffs in such action were not competent witnesses under the statute to matters occurring between them and their grandfather, and in their presence between the grandfather and the mother, and were parties to the cause of action on trial.

4. ———: ———: ———: ———. While only the word "party" is used in the second proviso of the statute it means "party to such contract or cause of action" as written in the first proviso of the statute.

5. CONTRACT: Third Party: Action: Frauds and Perjuries. The statute of frauds has no application to the present cause, since the contract in suit was not a promise to pay the debt of another, and having been fully performed by the mother, was enforcible against the father-in-law.

Appeal from Moniteau Circuit Court.—*Hon. William H. Martin,* Judge.

REVERSED AND REMANDED.

*Edmund Burke* for appellants.

(1)   James T. Atkinson, having entered into a contract with his daughter-in-law, Sarah C. Atkinson, for the benefit of the plaintiffs, the latter were entitled to enforce it.   Bank v. Benoist & Hackney, 10 Mo. 524; Robbins v. Ayres, 10 Mo. 542; Manny v. Frasier, 27 Mo. 420; Rogers v. Gosnell, 58 Mo. 590; Schuster v. Railroad, 60 Mo. 292; Cress v. Blodgett, 64 Mo. 452; Utley v. Tolfrey, 77 Mo. 310; Meyer v. Lowell, 44 Mo. 331; Flanagan v. Hutchinson, 47 Mo. 239.   (2)   In order to enable the plaintiffs in this case to enforce the contract made by James T. Atkinson, with their mother, Sarah C. Atkinson, for their benefit it was not necessary that such contract should have been reduced to writing.   Robbins v. Ayres, 10 Mo. 541; Howard v. Coshow, 33 Mo. 118; Besshears v. Rowe, 46 Mo. 501.   (3)   The fact that the contract entered into by James T. Atkinson with Sarah C. Atkinson, for the benefit of the plaintiffs was not in writing, does not bring it within or render it amenable to the Statute of Frauds.   Robbins v. Ayres, 10 Mo. 542; Flanagan v. Hutchinson, 47 Mo. 239.   (4) Sarah C. Atkinson, the party with whom the contract was made was a competent witness to testify in behalf of the plaintiffs.   She was neither a party to the record, nor a party in interest.   On the contrary, she was called on to testify against her interest.   Ford, admr. v. O'Donnell, 40 Mo. App. 63 and cases cited; Amonett v. Montague, 63 Mo. 205; Ford v. O'Donnell, 40 Mo. App. 63; R. S. 1879, sec. 4010, now R. S. 1899, sec. 4652.   (5)   He is competent to testify both at common law and under the statute, when he is neither a party to the record nor a party in interest and when he testifies in no sense in his favor.   Ford v. O'Donnell, 40 Mo. App. 63; Angell v. Hester, 64 Mo. 142; Ring v. Jamison, 66 Mo. 424; Ring v. Jamison, 66 Mo. 429; Meier v. Thieman, 90 Mo. 433; Bank v. Hurst, 25 Mo. App. 173; Amonett v. Montague, 63 Mo. 204.   (6)   The plaintiffs Elva A. Howard

and Sarah E. Atkinson were competent to testify in this case. Amonett v. Montague, 63 Mo. 205; Martin v. Jones, 72 Mo. 24; Bates v. Forcht, 89 Mo. 121.

*Moore & Williams* for respondent.

(1) If the lower court was correct in its ruling, in deciding that neither the plaintiffs nor their mother were competent witnesses, and therefore disregarding their testimony, then clearly there is no sufficient evidence to sustain the petition in this case, and as we understand the contention of appellants, as shown in their brief, they practically concede this point. (2) Section 4652, Revised Statutes 1899, disqualifies Sarah C. Atkinson who is alleged to have made the contract with J. T. Atkinson, deceased, for the transfer of the note. She is the other party to the contract, Mr. Atkinson being dead. The defendant is administrator of the estate of J. T. Atkinson, deceased; plaintiffs are the other parties to the suit and disqualified as witnesses. Davis v. Wood, 161 Mo. 17; Ashbury v. Hicklin, 181 Mo. 658; Smith v. Smith, 201 Mo. 546 and citations; Patton v. Fox, 169 Mo. 97. (3) Under the common law, a party to the record could not be a witness for himself. 1 Green., Ev., sec. 329. The common law was modified by statute in this State, so that parties in interest could testify, except when "one party to the contract or cause of action was dead." Wag. Stat., p. 1373. (4) It follows that the disqualification of the statute applies to a party to the record and also to the party making the alleged contract. Meier v. Thieman, 90 Mo. 434; Miller v. Slupsky, 158 Mo. 646; Leach v. McFadden, 110 Mo. 589 and citations; Scott v. Burfiend, 116 Mo. App. 76 and citations; Leeper v. Taylor, 111 Mo. 323; Curd v. Brown, 148 Mo. 95 and citations; Ashbury v. Hicklin, 181 Mo. 674. (5) We will add a few suggestions on the naked legal proposition involved. The pretended verbal agreement was within the Statute of Frauds, on Mrs. Atkinson's part.

She was to deed her interest in the homestead, and the note and deed of trust were to be transferred to plaintiffs. R. S. 1899, sec. 3418; Lydick v. Holland, 83 Mo. 703; Cockrell v. McIntyre, 161 Mo. 69; Moseley v. Insurance Co., 109 Mo. App. 467.

ELLISON, J.—Plaintiffs are the grandchildren of James T. Atkinson, deceased, and the defendant is the administrator of his estate. This action is to compel the defendant to turn over to plaintiffs a promissory note for $500 and deed of trust, both in his possession, claimed by them to be their property. The judgment in the trial court was for the defendant.

It appears that William Atkinson, who was the son of James, the deceased, executed the note in controversy to James and also a deed of trust on his homestead to secure the same, and that his wife, Sarah, the mother of these plaintiffs, joined him in executing such deed. Afterwards William died leaving Sarah, his widow, and these plaintiffs, his children. There was evidence tending to show that after the death of William, James proposed to and agreed with Sarah that if she would convey to these plaintiffs her interest in the real estate, he would transfer to them the note he so held against William, their father. The evidence further tended to show that Sarah carried out her part of the agreement by making a deed to the property to plaintiffs and delivering it to them; that when James was informed of this he said he would immediately perform his part of the agreement by transferring the note and deed of trust to plaintiffs; and that he went to an attorney for that purpose. He left the note and deed of trust with the attorney without making the assignment. Afterwards the attorney gave the note to one Halford, a son-in-law of James, the deceased, but retained the deed of trust until after the death of James, when he gave it to the probate judge. The foregoing is not the evidence in detail, but it is the

substance of what it tended to prove directly, or by proper inference.

There is no doubt that plaintiffs are entitled to enforce a contract made for their benefit by a third person. [Bank of Missouri v. Benoist, 10 Mo. 520; Robbins v. Ayres, 10 Mo. 538; Manny v. Frasier, Adm'r, 27 Mo. 419, 420; Rogers v. Gosnell, 58 Mo. 589, 590; Schuster v. Railroad, 60 Mo. 290; Cress v. Blodgett, 64 Mo. 449.]

The trial court heard the testimony of the plaintiffs and of their mother, Sarah, but before deciding the case excluded it and announced that it would not be considered. In our opinion error was committed in excluding the testimony of the mother. The statute (section 4652, Revised Statutes 1899), provides that when one of the original parties to the contract or cause of action, is dead, the other party to such "contract or cause of action" shall not be permitted to testify in his own favor, or in favor of any party to the action claiming under him. And when an executor or administrator is a "party" the other "party" cannot testify in his own favor. But in the instance of the mother of these plaintiffs, while she was a party to the contract, though made for the sole benefit of others, yet she did not testify in her own favor. She had no possible interest in the controversy. She was a party to the contract made for the benefit of these plaintiffs, and she had fully performed her part of it; and the nature of the contract was such, being made for the benefit of other parties, that when performed by her, she had no further relation to it or concern in it. We discussed a like question in Thompson v. Brown, 121 Mo. App. 524 (citing authorities relied on by plaintiffs), in which we held the statute not applicable. We need not do more than refer to that case and to say that the recent opinion of the Supreme Court (Weiermueller v. Scullin, 203 Mo. 467), cited by

defendant, does not bear on the phase of the statute here considered.

But we are of the opinion that the court's ruling in excluding the testimony of the plaintiffs was correct. It related partly to what the deceased said to them and partly as to what he said in their presence concerning the contract. Though the contract was not made with them, yet it was for their benefit and was accepted by them. Their testimony in their own favor falls within the meaning of the statute. The statute is remedial and the construction given to it by the Supreme Court has been with a view to its spirit, which is equal footing to the parties. And since one is dead, the other should not testify. [Bates v. Forcht, 89 Mo. 121; Orr v. Rode, 101 Mo. 387; Williams v. Edwards, 94 Mo. 447.]

It is true that the plaintiffs are parties in interest, and that interest alone, under the first clause of the statute, does not exclude a witness, where the other party is dead. And it is furthermore true that the subsequent clauses, by way of proviso, do not qualify the first clause as to interest when one party is dead. [Weiermueller v. Scullin, 203 Mo. 467.] And it is likewise true that "the proviso confines the exclusion in case of death of one party to a *party to the contract or cause of action.*" [Bank v. Slattery, 166 Mo. 620; Bank v. Rood, 132 Mo. 256.] But we regard the plaintiffs, if not in reality parties to the contract, as certainly parties to the "cause of action." The contract as we have stated it, was of such a nature as to give them the cause of action and they became parties to it when they accepted its provisions.

The second proviso of the statute in reference to actions reads that when "an executor or administrator is a *party,* the *other party* shall not be admitted to testify," etc. While only the word "party" is used in this clause, we consider that it means "party to such contract or cause of action" as written in the first proviso of the same section.

The Statute of Frauds does not apply to the plaintiffs' case. The contract was not a promise to pay the debt of another. [Flanagan v. Hutchinson, 47 Mo. 237.] We see no reason why it should not be enforced on the part of deceased, since it has been performed in toto by Mrs. Atkinson conveying her property as agreed.

The judgment is reversed and the cause remanded. All concur.