ELIZABETH THOMPSON, Executrix of WADDY THOMPSON,
Deceased, Respondent, v. THE WESTERN UNION
TELEGRAPH COMPANY, Appellant.

Kansas City Court of Appeals, October 29, 1888.

Action: PENALTY AGAINST TELEGRAPH COMPANIES FOR OMITTING,
ETC., UNDER SECTION 885, REVISED STATUTES: CONSTRUCTION OF
STATUTE. Under the provisions of section 885, Revised Statutes,
(relative to the sending of dispatches by telephone or telegraph
companies), the penalty therein provided for is imposed for the
benefit of one applying to send a dispatch. But an application to
send a dispatch, which the applicant has no legal right to send, or
the telegraph company a legal right to transmit, as for instance, a
dispatch on Sunday, on ordinary business, and not a work of
necessity, is not within the meaning of the statute. And if, on
an application to send a dispatch, at a time when the company is
prohibited by law from transmitting it, the company give false
information that the dispatch can be sent, it does not incur the
penalty imposed by the statute.

*Appeal from Pettis Circuit Court.*—HON. RICHARD
FIELD, Judge.

REVERSED.

The case is stated in the opinion.

*Charles E. Yeater*, for the appellant.

(1) The contract for the transmission of the
message, being entered into on Sunday, and the require-
ment of the same also being that it should be trans-
mitted immediately on that day, was, unless a work of
necessity, void and a nullity, and the court erred in
denying this proposition of law in the defendant's
second instruction. R. S., secs. 1578, 1579 ; *Bernard v.*

~Lupping, 32 Mo. 431 ; Gwinn v. Simes, 61 Mo. 335 ; Luebbering v. Oberkoetter, 1 Mo. App. 393; Guinn v. Railroad, 20 Mo. App. 453 ; Rogers v. Tel. Co., 78 Ind. 169 ; Shropshire v. Glasscock, 4 Mo. 536, 599 ; Downing v. Ringer, 7 Mo. 585 ; Bank v. Bank, 10 Mo. 123 ; State v. Bank, 45 Mo. 528. (2) The message being to request the attendance of the addressee at a business conference merely on the following day, which was chosen because preferable and more convenient only, was not a matter of necessity. Bucher v. Railroad, 131 Mass. 156; Day v. Railroad, 135 Mass. 113 ; Sherman & Redfield on Negligence, 605. (3) The law will not aid either party to an illegal transaction by implying from the circumstances or subject-matter of such transaction, any obligation on the part of either which it will enforce, but will leave them as it finds them. Ex terpi contractu non oritur actio. In pari delicto potior est condilio defendentis. Hayden v. Little, 35 Mo. 418 ; Gwinn v. Simes, 61 Mo. 339 ; Waterman v. Buckland, 1 Mo. App. 47. (4) The court erred in its refusal of defendant's fourth instruction, to the effect that if the information was false, but the agent did not know at the time of giving it that the same was false, or did not, although it was false, intentionally give it, the finding must be for defendant. Before there can be a liability for the statutory penalty by a telegraph company under section 885, Revised Statutes, 1879, for "intentionally giving false information," there must be comprised three elements : (1) The information given by the agent must be false ; (2) the agent must know at the time of giving it that it is false and untrue, and he must give it in bad faith and with an intent to deceive the applicant to whom it is given ; (3) it must be given with reference to the sending of a dispatch by the applicant and a contract therefor which is not prohibited or made illegal by law for any reason. So the court erred in giving plaintiff's first and second instructions because they did not properly thus define giving false information, and in refusing defendant's fourth instruction which did so properly explain and define. (5) The

fact that defendant's agent could, by investigation, have ascertained that the message could not have been sent that night, although he innocently thought it could and told the plaintiff it could, when in fact, it was impossible to do so, might be sufficient to entitle plaintiff to a recovery in an action for damages, if any had been sustained ; but would not be sufficient in this *qui-tam* action for a statutory penalty, because it is a *quasi*-criminal proceeding, in which the informer takes the place of the state, and the intent is the essence of the violation.   The court erred in granting instructions for plaintiff and in refusing defendant's fourth instruction. *Kreitzer v. Woodson*, 19 Mo. 327 ; *Howell v. Stewart*, 54 Mo. 400 ; *Fusz v. Spaunhorst*, 67 Mo. 256 ; *Manz v. Railroad*, 87 Mo. 278 ; *State v. Bryant*, 90 Mo. 534 ; Sedgwick's Stat. & Const. Law, 233 ; *Broadwell v. Conger*, 22 N. J. Law, 210 ; *United States v. Wiltberger*, 5 Wheat. [U. S.] 76.   (6) The plaintiff cannot recover, for by his contract he waived any claim against defendant growing out of the message in question, which was an unrepeated message, and the court erred in refusing defendant's third instruction.   *Wann v. Tel. Co.*, 37 Mo. 472.   (7) The form of plaintiff's instructions was improper, and the court erred in giving them, because they are argumentative, discriminate as to the weight and sufficiency of the evidence, lay particular stress on a portion only of the facts involved, and are not given with reference to the whole case, and recite the evidence.   (8) The verdict was plainly against the evidence, and the jury, in finding the same, were influenced by improper considerations.   (9) Defendant's objection to the introduction of any evidence under the petition should have been sustained, for the reason that it does not state facts sufficient to constitute a cause of action, and the instruction in the nature of a demurrer to the evidence should have been given, and the court erred in overruling the one and refusing the other.

VOL. xxxii—13

*Bothwell & Jaynes*, for the respondent.

(1) At common law, and under the statutes of Missouri, the making of a contract on Sunday is not prohibited, and a contract is not void or illegal because entered into on Sunday. *Glover v. Cheatham*, 19 Mo. App. 656 ; *Moore v. Clymer*, 12 Mo. App. 14. (2) If the defendant had performed the contract after twelve p. m. Sunday, by sending and delivering the message on Monday morning before four a. m., there would have been no violation of the statute prohibiting labor on Sunday, etc. *Guinn v. Railroad*, 20 Mo. App. 453. (3) This case does not involve the enforcement of a contract made and to be performed on Sunday, but the suit was for the penalty, given by statute, for having intentionally given false information to plaintiff in relation to the time within which a dispatch could be sent. There may have been no obligation to do business or give information on Sunday, yet the statute clearly prohibited the intentional giving of false information on that day as well as on other days. The statute on which this suit was based is not repealed or impaired by the statute prohibiting labor on Sunday. Even if the defendant habitually disregards the "Sunday law," it has no right to disregard on that day the statutes regulating its business, so long as it undertakes to do business on that day. R. S., 1879, sec. 885. (4) There was no other issue raised by the pleadings or by the demurrer to the evidence, and there was no error in giving the plaintiff's instructions, as they correctly declare the law of the case. Even if the intent be of the essence of the violation, yet defendant cannot evade the penalty by having its agent or servant testify that he did not know that his statements and representations were false. It appearing that he made the representations deliberately, positively, and intentionally, professing to speak on his own knowledge, without any knowledge on the subject, the intent to deceive is inferred. The means of information being especially in

defendant's servants and agents, failure to obtain correct information, and intentionally giving false information, made the misrepresentation wilful. 2 Hilliard on Torts [3 Ed.] pp. 12, 13, 14, 16, secs. 9, 10, 11. (5) All statutes must have a reasonable construction, such as will not defeat the plain intention of the legislature. Although a statute provide a penalty, yet, if it be beneficial generally, it may be equitably construed. *Tel. Co. v. Hamilton*, 50 Ind. 181; *Sickles v. Sharp*, 13 Johns. [N. Y.] 497; *Cotheal v. Broniver*, 5 N. Y. 562; *Tel. Co. v. Gonger*, 84 Ind. 170; *Tel. Co. v. Mossler*, 95 Ind. 292. (6) The court properly refused defendant's third instruction, as the pleadings raised no issue in regard to the message not having been repeated. There was no such issue in the case, and the jury could not be called on to pass on the question. And such a defense could not have been made to the plaintiff's case, as it was not a suit growing out of error or negligence in the transmission of the message.

Hall, J.—This action was instituted by Waddy Thompson in his lifetime to recover the statutory penalty of one hundred dollars for the defendant giving to him false information in relation to the time in which a dispatch, which he made application to send, could be sent. Waddy Thompson recovered in the circuit court, and the defendant appealed to this court; after the appeal he died, and the action was here revived in the name of his executrix.

The petition alleges: "That on Sunday, the twenty-first day of February, 1886, at eight o'clock in the evening, at the office and station of defendant, in Kansas City, Missouri, * * * plaintiff made application * * * to send a dispatch * * * to one J. H. Bothwell, at Sedalia, Missouri, * * * and plaintiff * * * asked defendant's agent and servant whether or not defendant could and would send and transmit and deliver a dispatch from plaintiff, at said Kansas City, to said J. H. Bothwell, at Sedalia, and

deliver said dispatch immediately to said J. H. Bothwell the same evening at Sedalia. Plaintiff then and there stating that . * * * it would do no good to send the dispatch if it could not be transmitted that day." It also appeared from the petition that the telegram was of an ordinary business character, and that the object of the sender of the dispatch would have been accomplished by the delivery of it in Sedalia at any time after twelve o'clock Sunday night, in time to have enabled Bothwell to have taken the train from Sedalia to Kansas City at four o'clock on Monday morning.

The false information alleged by the petition to have been given by the defendant's agent to the applicant was that the dispatch could be sent at once, whereas in fact the office at Sedalia was not a night-office on Sunday, that is, that it was not open on Sunday night.

The penalty to recover which this suit was instituted is imposed by the following statute ( R. S. sec. 885) : " In all cases where application is made to any telephone or telegraph company, or the operator, agent, or servant thereof, to send a dispatch, it shall be the duty of such operator, agent, clerk or servant who may receive dispatches at that station, plainly to inform the applicant, and if required by him, to write upon the dispatch that the line is not in working order, or that the dispatches already on hand for transmission will occupy the time, so that dispatch offered cannot be transmitted within the time required if the facts be so ; and for omitting so to do, or for intentionally giving false information to the applicant in relation to the time within which the dispatch offered may be sent, such operator, agent, clerk or servant, and the company by which he is employed, shall incur a like penalty as in section eight hundred and eighty-three."

The penalty imposed by the section mentioned is one of one hundred dollars " to be recovered with costs of suit, by civil action, for the benefit of the person or persons or company sending or desiring to send such dispatch."

It appears so clearly from the language of the statute, that no argument is needed to prove it, that the penalty is imposed for the benefit of one applying to send a dispatch, and that, therefore, the penalty cannot be incurred except where application is made by some one to send a dispatch.

How can an application be said to be made, within the meaning of the statute, when the application is to send a dispatch which the applicant has no legal right to send, or the telegraph company a legal right to transmit? If the company is by positive law prohibited from transmitting the dispatch, can the one applying to send it be included within the protection of the statute? We think clearly not. And, in our opinion, it matters not whether the prohibition of the law against the transmission of the dispatch is on account of its form, or the time within which the applicant asks to have the dispatch sent. But, if there be any such difference, it certainly cannot be in favor of the matter of time, since the false information punished by the statute is false information in relation to the time within which a dispatch can be sent, and the statute must be held to mean such time as that within which a dispatch may be legally sent.

We, therefore, hold that if we apply to send a dispatch, at a time the telegraph company is prohibited by law from transmitting it, the company, by giving false information that the dispatch can be sent at that time, does not incur the penalty imposed by the statute. How can the applicant be injured by false information as to the physical ability of the company to transmit the dispatch, if the company had no power under the law to do so? Of the law the applicant is bound to know, and hence cannot be ignorant of the want of the company's legal power to transmit the dispatch.

The defendant was prohibited by section 1578, Revised Statutes, from transmitting the dispatch in suit on Sunday, unless the transmission of it was under the statute a work of necessity (*Rogers v. Tel. Co.*, 78

Ind. 169 ); and it was not a work of necessity since the dispatch was on ordinary business.

The applicant asked that the dispatch be sent on Sunday, the information was in relation to sending the dispatch on Sunday, and hence the company incurred no penalty. It matters not that the applicant might have asked for the transmission of the dispatch early on Monday morning, since he did not do so.

Under the petition, therefore, the plaintiff was not entitled to recover ; and the judgment is reversed and the petition dismissed. All concur.