W. W. ASHBY, Respondent, v. JAMES S. HOLMES, Appellant.

St. Louis Court of Appeals, December 8, 1896.

1. **Practice:** APPEAL FROM JUSTICE'S COURT: OBJECTION TO JURISDICTION. In a suit begun before a justice, it is too late to object to the jurisdiction over defendant's person for the first time in the circuit court on appeal.

2. **Account:** EVIDENCE. Where suit is not brought on a contract for a stated compensation, and there is no evidence of such a contract, an objection that plaintiff sued upon a special contract, and was permitted to recover for the reasonable value of his services, is untenable.

3. **Practice, Appellate:** CONFLICT OF EVIDENCE: FAILURE TO SUBMIT INSTRUCTIONS. Where there is a conflict of evidence, and questions raised were not submitted to the trial court by any instructions, the appellate court can not say the court erred in determining such questions.

4. **Real Estate Agent:** VALUE OF SERVICES: TESTIMONY OF EXPERT. Where plaintiff gave evidence that he did business as a real estate agent, although he assisted his brother in the foundry business, and that the usual commissions allowed such agents for selling property of the character in suit was five per cent of the purchase price, such evidence was under the circumstances competent as *prima facie* evidence of value.

5. ———: ———: TESTIMONY OF NONEXPERT. A question propounded to defendant to state whether he considered such charges a reasonable compensation for the services performed by plaintiff, was properly excluded, where defendant gave no evidence that he knew what were the usual charges for such services.

6. ———: ———: EXCESSIVE JUDGMENT. Where it was apparent defendant received benefit from plaintiff's services equivalent to the recovery, the judgment for such services was not excessive.

*Appeal from the St. Louis City Circuit Court.*—Hon. James E. Withrow, Judge.

Affirmed.

*Thomas B. Harlan* for appellant.

The services, if any, performed by plaintiff, were gratuitous, and not intended by either party, at the time of the performance, to be paid for. *Bittrich v. Gilmore*, 53 Mo. App. 53; *Potter v. Carpenter*, 76 N. Y. 157; *Kinner v. Tschirpe*, 54 Mo. App. 575; *Hoolan v. Bailey*, 30 *Id.* 585; *Allen v. Bowman*, 7 *Id.* 29; *Kerr v. Cusenbary*, 60 *Id.* 558; *Hartnett v. Christopher.* 61 *Id.* 64; *Vandyke v. Walker*, 49 *Id.* 381.

In questions involving value, the opinions of witnesses may be received. *Tate v. Railroad,* 64 Mo. 149; *State v. Johnson,* 1 Mo. App. 219; *Fitzgerald v. Hayward,* 50 Mo. 516; *Mercer v. Vose,* 67 N. Y. 56; *Chamners v. Chamners,* 53 Ind. 301. It is an exception to the rule of expert testimony. *Madden v. Railroad,* 50 Mo. App. 666.

The court had no jurisdiction, the suit having been brought in a justice's court in city of St. Louis, and at the time of its institution both parties being residents of St. Louis county. R. S. 1889, sec. 6126; 80 Mo. 634; 82 *Id.* 522; *Collin v. Wilson,* 56 Mo. App. 420; *Gusing v. Schowingerdt,* 24 *Id.* 554; *Christian v. Williams,* 111 Mo. 429; *Lancy v. Garbe,* 105 *Id.* 355; 51 Mo. App. 504; 55 *Id.* 457.

Plaintiff declared on an express contract, and could not recover on a *quantum meruit.* *Warson v. McElroy,* 33 Mo. App. 553; *Eyerman v. Mt. Sinai Cemetery,* 61 Mo. 489.

*Collins & Jamison* for respondent.

Before one can testify as an expert his qualification must appear. *Gates v. Railroad,* 44 Mo. App. 488; *Turner v. Haar,* 114 Mo. 335; *Goins v. Railroad,* 47 Mo. App. 173; *Railroad v. Union Stock Yards,* 120 Mo. 541; *State v. Miller,* 44 Mo. App. 159; *Nelson Mfg. Co. v. Mitchell,* 38 Mo. App. 321; *Gates v. Railroad,* 44 *Id.* 488.

Defendant was a resident of St. Louis at the time of the trial of the case, and by appearing before the justice and contesting the case on its merits thereby waived any objection to the jurisdiction of the justice over his person. *Grimm v. Dundee Land and Investment Co.,* 55 Mo. App. 457.

ROMBAUER, P. J.—The plaintiff sued the defendant before a justice of the peace on the following account: "*James S. Holmes to W. W. Ashby; Dr.*

"To commissions for services in effecting sale of four acres of ground and dwelling house on the southeast corner of Clay and Clifton avenues, St. Louis county, Mo., purchase price $8,000, 2½ per cent coms., $200."

The plaintiff recovered judgment for the full amount claimed before the justice, and also in the circuit court, where the cause was tried anew by the court without a jury. No instructions were asked or given, and only one exception was saved on the rulings on evidence. The errors relied on for reversal are, that neither the justice nor the circuit court had jurisdiction of the cause, that the court erred in excluding certain evidence offered by the defendant, that the judgment is not supported by substantial evidence, and that the verdict is excessive.

The objection to the jurisdiction, which was first made in the circuit court is bottomed on the fact, that when the suit was instituted in the city of St. Louis, both the plaintiff and defendant were residents of St. Louis county. This objection does not raise the question of APPEAL from jus- jurisdiction of subject-matter, but that of tice: objection to jurisdiction. jurisdiction of person. Such an objection is always waived in transitory actions by appearance to the merits. *Grimm v. Dundee Land & Investment Co.*, 55 Mo. App. 457. In the case at bar the objection to the jurisdiction over defendant's person was first raised in the circuit court on appeal, and came too late. .

The plaintiff did not sue on a contract for a stated compensation, nor was there any evidence of such a ACCOUNT: evi- contract, hence the objection that he sued dence. upon a special contract and was permitted to recover for the reasonable value of his services, is

untenable. According to the plaintiff's testimony the defendant when informed by plaintiff that he could sell his property, replied: "All right." According to defendant's evidence the plaintiff asked him: "In the event you sell the property to the parties, won't you give me something?" To which the defendant replied: "I will allow you a little something." A request for the rendition of services can be gathered from these conversations, but certainly no request to render services at a stated compensation. The defendant contends that the true deduction from all the evidence is that there was no intention of charging for his services on part of the plaintiff prior to or at the time of their CONFLICT of evidence: failure to submit instructions. rendition, and hence the case is governed by *Lippman v. Tittmann*, 31 Mo. App. 69, and *Kinner v. Tschirpe*, 54 Mo. App. 575, which hold that if services when rendered are intended to be gratuitous, the plaintiff can not by a subsequent change of intention turn them into services to be paid for. The defendant also contends that as it is conceded that part of the services were rendered on Sunday, and there was some evidence tending to show that all of the services of value were thus rendered, the plaintiff can not recover for them under the provisions of section 3852 of the Revised Statutes as construed in *Thompson v. Telegraph Company*, 32 Mo. App. 191; *Bernard v. Lupping*, 32 Mo. 341; *Gwinn v. Simes*, 61 Mo. 335, and other cases. The difficulty with these contentions is that there is some conflict of evidence touching these facts, and that the question was not submitted to the court by any instructions, hence we can not say that the court took the wrong view of the law in determining these questions.

This brings us to the error assigned that the court excluded competent evidence offered by the defendant, and that the verdict is excessive. The plaintiff gave

REAL estate agent: evidence that he did business as a real value of services. estate agent, although he was also occupied in assisting his brother who is a foundryman. He also gave evidence which placed the usual commissions allowed such agents for selling property of this character at five per cent of the purchase price. This evidence was under the circumstances competent as *prima facie* evidence of value. *Kennerly v. Sommerville*, 64 Mo. App. 75; *Levitt v. Miller*, 64 Mo. App. 147. Hence there was evidence to support the judgment in TESTIMONY of} amount. The only way this evidence was nonexpert. sought to be rebutted was by the testimony of the defendant himself, who after stating that he was sued by the plaintiff for $200, was asked by his own counsel:

"State whether you considered that a reasonable compensation for the services performed by plaintiff?"

This question was properly ruled out, because the defendant had given no evidence that he knew what is paid by any one for such services, nor was the question hypothetically put to him what the services were which he was called upon to estimate, those detailed in the plaintiff's evidence, or those detailed in his own. How could the defendant under the circumstances give an answer to the question which was entitled to affect the result one way or the other. While the judgment would seem to be excessive, measuring the value of the plaintiff's services by the time employed in their performance, it is apparent that the defendant received benefit from them equivalent to the recovery. And as no legal questions have been saved for our consideration by instructions, we are bound to affirm the judgment, which is supported by evidence.

All the judges concurring, the judgment is affirmed.