A. H. LIVINGSTON, Respondent, v. SAMUEL M. ALLEN, Appellant.

St. Louis Court of Appeals, May 9, 1899.

| 80 | 521 |
| s83 | 300 |
| 80 | 521 |
| s83 | 294 |
| s87 | 183 |

Justice's Judgment: JURISDICTION: APPEARANCE: WAIVER. In the case at bar the defendant appeared generally in the justice's court and took no appeal from the judgment rendered against him in that tribunal but seeks to attack it collaterally. Held, that the justice had jurisdiction of the subject matter and the general appearance of the defendant in the justice's court gave jurisdiction of his person.

*Appeal from the Howell Circuit Court.*—HON. W. W. EVANS, Judge.

REVERSED AND REMANDED (with directions).

W. J. ORR for respondent.

Appellant under the first subdivision of "points and authorities" cites a number of cases in support of a proposition

not denied nor even raised by this record.    At the outset we conceded that if the justice in the case of Machine Co. v. Livingston, had jurisdiction of the subject-matter, that the appearance shown by the justice's docket gave the court jurisdiction of the person, if it had not already acquired this by its process.    If the justice had jurisdiction of the subject-matter and defendant was served with process, then his appearance added nothing.    If, on the other hand, the justice did not have jurisdiction of the subject-matter, neither process nor appearance would confer such jurisdiction.    We take it that these propositions are too well settled to require the citation of a single authority in support of them.    Our contention in this case is that the justice of the peace in the case of Machine Co. v. Livingston did not have jurisdiction of the subject-matter, and in support of this contention we call this court's attention to the well considered case of Smith v. Simpson, 80 Mo. 643. That suit was commenced before a justice of the peace in St. Michael township, Madison county, by summons, which was returned by the constable as served in St. Michael township, Madison county.    It appeared that at that time plaintiffs were residents of Bollinger county and the defendant was a resident of St. Francois county.    The suit was to recover $25 for the alleged conversion of a steer (a transitory action).    Prior to the return day of the summons, the defendant procured subpoenas for his witnesses to be issued by the justice; had himself appointed special constable for the service thereof, and on the return day of the summons the defendant made return in writing on the subpoena of the service thereof on his witnesses, who also resided in St. Francois county.    On the return day the defendant filed a motion to rule the plaintiffs to give bond for costs, on the ground that the plaintiffs were nonresidents of the county and had no property subject to execution.    The cost bond was given.    Judgment was rendered against the defendant and he appealed to the circuit court.    In the latter court the defendant filed a motion to dismiss for

Livingston v. Allen.

want of jurisdiction, which motion was sustained and the plaintiff appealed to the supreme court. After disposing of some minor questions, the opinion proceeds: "But the main question in this case is, did the justice have jurisdiction at all, even though the summons and its service were ever so formal?" It is well settled that courts of inferior and limited jurisdiction, not proceeding according to the course of the common law, are confined strictly to the authority given. State v. Metzger, 26 Mo. 65; Hansberger v. Railroad, 43 Mo. 196; 9 Wheat. 549. Justices of the peace then must get their authority from the statute. That fixes the manner and place of bringing the suit, and prescribes the territorial jurisdiction in which suits before justices may be maintained. R. S., sec. 2839.

TAYLOR & ERD for appellant.

The court erred in refusing to give the fourth declaration of law asked by appellant. Where the action is transitory, and one over which a justice has jurisdiction, if the defendant appears and makes defense he can not escape the consequences of a judgment against him on the alleged ground of want of jurisdiction over his person by the justice. . Shaeffer v. Green, 68 Mo. App. 168-172; Grimm v. Dundee Land & Inv. Co., 55 Mo. App. 457-460; Buzzard v. Hapman, 61 Mo. App. 464, 465; Fulkerson v. Davenport, 70 Mo. 545; Bohn v. Devlin, 28 Mo. 319; Baisley v. Baisley, 113 Mo. 544-551; Railway v. Wardin, 73 Mo. App. 117-121; Leonard v. Sparks, 117 Mo. 103. A judgment of a justice of the peace is not open to collateral attack when the facts necessary to confer jurisdiction appear affirmatively upon the face of the proceedings. Sutton v. Cole, 73 Mo. App. 518, 521; Leonard v. Sparks, 117 Mo. 103; Wise v. Loring, 54 Mo. App. 258, 262; Fulkerson v. Davenport, 70 Mo. 541; Baker v. Baker, 70 Mo. 134, 136. In the case at bar the transcript certifies thus: "July 21st,

1896, summons returned duly executed by the officer to whom it was directed, by delivering a true copy thereof on said date to said defendant A. H. Livingston in the city of St. Louis, Missouri." Now, as the action is one over which a justice of the peace had jurisdiction, it is manifest, from this return, that the justice had jurisdiction, both of the subject-matter and parties, and it did not lie in the power of the court by collateral attack to say the contrary. Leonard v. Sparks, 117 Mo. 103, 110, and the numerous cases referred to by Barclay, J., in writing the opinion in said case; Wise v. Loring, 54 Mo. App. 258.

BOND, J.—The Singer Manufacturing Company is a New Jersey corporation, entitled to do business in this state under a certificate to that effect from the secretary of the state of Missouri. It has a business office in St. Louis, and branch offices in other cities of the state. Plaintiff Livingston is a citizen of Howell county, Missouri, and signed an indemnity bond to the Singer Manufacturing Company on behalf of one of its employees. Livingston made a trip to St. Louis, and while there was sued before a justice for $300, the penalty of said bond. He appeared to the action, which resulted in a judgment against him and in favor of the Singer Manufacturing Company. Execution was issued thereon and a return of *nulla bona* had, whereupon a transcript of the justice's proceedings was filed in the circuit court of the city of St. Louis and an execution thereon issued to the sheriff of Howell county, which was levied upon certain personal property of said Livingston, who replevied the same in the present action, which was tried by the judge of the circuit court without a jury, and a verdict and judgment rendered in favor of Livingston and against Allen, the sheriff of Howell county. The latter appealed to this court, and assigns for error first, the refusal of the circuit court to declare the law to be that he

was entitled to a judĝment, and, secondly, "that if A. H. Livingston was a resident of Howell county, Missouri, and was served with process in the city of St. Louis, issued from a justice of the peace, and he went into said court, in pursuance of said process, and announced ready for trial and participated in the trial, by such act he waived the jurisdiction over his person."

WAIVER: jurisdiction.

We are of the opinion that the latter declaration of law should have been given. The argument in favor of the ruling of the trial court is based upon the decision of the supreme court in Smith v. Simpson, 80 Mo. 634. In that case the suit was brought before a justice in a county in which neither the plaintiff nor defendant lived, but the evidence showed that the defendant moved in the justice's court to dismiss for want of jurisdiction, and that when his motion was overruled by the justice he "retired and judgment was taken against him by default," from which he appealed to the circuit court, and there renewed his motion to dismiss the suit, which was sustained. The supreme court affirmed the ruling of the circuit court. The facts in judgment in that case are essentially different from those in the one at bar. Here the defendant appeared generally in the justice's court and took no appeal from the judgment rendered against him in that tribunal, but seeks to attack it collaterally by replevying the property levied upon by an execution awarded by the circuit court upon judgment and transcript of the proceedings before the justice. This can not be done under the facts in the record. The suit being on a bond for $300, the justice clearly had jurisdiction of the subject-matter. R. S. 1889, sec. 6123; Leonard v. Sparks, 117 Mo. 103. The general appearance of the defendant in the justice's court gave jurisdiction of his person. Rechnitzer v. Railway, 60 Mo. App. 409; Ashby v. Holmes, 68 Mo. App. 23. These facts appearing on the face of the proceedings upon which the judgment before the justice was based, it was

not open to collateral attack.    Wise v. Loring, 54 Mo. App. loc. cit. 262.  The circuit court therefore erred in refusing the second declaration of law requested on behalf of defendant. Its judgment is reversed and the . cause remanded, to be tried in conformity with this opinion.    All concur.