A. H. LIVINGSTON, Respondent, v. S. M. ALLEN, Appellant.

St. Louis Court of Appeals, February 27, 1900.

1. **Replevin: JUSTICE'S JUDGMENT: CAN NOT BE IMPEACHED, COLLATERALLY.** The court erred in admitting extrinsic proof tending to impeach the judgment, since the record of the justice showed on its face, jurisdiction of the subject-matter of the action.

2. ———: ———: ———: SUBJECT-MATTER. By jurisdiction of the subject-matter is meant, "jurisdiction of causes of the general class to which the action belongs."

3. ———: ———: ———. It is a well established principle that a judgment regular on its face can not be impeached collaterally, and this rule applies to judgments rendered by justices of the peace.

4. ———: EXECUTION: LEVY. The execution at the time of the levy was alive and in force, and by virtue of section 4932, Revised Statutes 1889, which provides that upon the giving of a forthcoming bond, as was done in this case, the levy shall remain a lien on the property into whosesoever possession it may come.

5. ———: RIGHT TO RECLAIM PROPERTY: RES ADJUDICATA. We think under the circumstances defendant had the right to reclaim the property, besides this question was in the first appeal, and was determined against plaintiff, therefore it is *res adjudicata*.

Appeal from the Howell Circuit Court.—*Hon. W. N. Evans,*
Judge.

REVERSED AND REMANDED (*with instructions*).

*Barbour & McDavid* for appellant.

(1) A corporation, although chartered in another state,
which has complied with the laws of this state relating to
foreign corporations, and which has and maintains in this state
an office and agent for the transaction of its usual and cus-
tomary business, has a legal residence in this state in the
county or city of such office for the purposes of suing and
being sued. Laws of 1891, p. 75; Harding v. Railroad, 80
Mo. 659; Slaven v. Railroad, 51 Mo. 308; City of St. Louis
v. Wiggins Ferry Co., 40 Mo. 580; Smith v. The Pilot Min-
ing Co., 47 Mo. App. 409. (2) The court erred in per-
mitting, over defendant's objection, the plaintiff to testify
contradicting the recitals of the record, for a judgment of a
justice of the peace can not be successfully attacked in a col-
lateral proceeding any more than a judgment of a court of
record—provided it appears from the face of the record that
the justice had jurisdiction. Meyers v. Miller, 55 Mo. App.
338; Jeffries v. Wright, 51 Mo. 215; Van Fleet on Collateral
Attack, sec. 526; Freeman on Judgments, sec. 524. (3) A
judgment of a justice of the peace is not open to collateral
attack when the facts necessary to confer jurisdiction appear
affirmatively upon the face of the proceedings. Sutton v.
Cole, 73 Mo. App. 518; Leonard v. Sparks, 117 Mo. 103;
Wise v. Lohring, 54 Mo. App. 258; Fulkerson v. Davenport,
70 Mo. 541. (4) Nor can a judgment be collaterally attacked
by a party on the ground that the appearance of an attorney
was unauthorized. Cockran v. Thomas, 131 Mo. 279; Van
Fleet on Collateral Attack, secs. 420, 421, 430.

*W. J. Orr* for respondent.

(1) Now, it has been expressly ruled by the supreme court, and by this court, and the Kansas City Court of Appeals, that the fifth clause of this section is a limitation as to the subject-matter.    That it must affirmatively appear that a suit against a railroad company for killing or injuring stock was brought in the township in which said killing or injuring occurs, or in any adjoining township, in the same county. One of the latest cases where this statute was so construed is White v. Railroad, 72 Mo. App. 402, decided by the Kansas City Court of Appeals, and from which we quote at length because the language used is so applicable.  (2)  "The question on this appeal is, whether or 'not the justice of the peace of Missouri township in Boone county, where the suit was instituted, had jurisdiction to try the case, when, as already stated, the animal was killed in Moniteau township, Howard county.   The two townships adjoin, though in different counties.   The trial judge held that the justice had no jurisdiction of the action. If now this ruling was correct, then the judgment should be affirmed; otherwise it should be reversed."   (3)  "This point was settled adversely to plaintiff's contention in Creason v. Railroad, 17 Mo. App. 111.   It was then held that the statute prescribing that any action against a railroad company for killing or injuring horses, mules, cattle or other animals, shall be brought before a justice of the peace of the township in which the injury happened, or in any adjoining township (R. S. 1889, sec. 6126) was intended to give jurisdiction only to the justice of the township where the stock was injured or killed or to a justice of an adjoining township of the same county.   The further suggestion in counsel's brief that defendant, by entering upon the trial, etc., had waived the objection as to jurisdiction, is of no avail.   While jurisdiction

as to the person of the defendant may be waived, this is not so as to jurisdiction over the subject-matter. The justice can only exercise jurisdiction over such matters as the statute expressly declares, nor can the parties even by express consent enlarge or restrict the scope thereof. Such want of jurisdiction over the subject-matter may be raised at any time, even after the case shall get into the appellate court. Barnett v. Railroad, 68 Mo. 56. 'Neither is it waived by appearance and answer, nor can it be conferred by consent or agreement of parties, but only by the law.' Fields v. Maloney, 78 Mo. 176, and authorities cited. 'The law alone, and not the consent of parties, must determine what matters each court may determine.' Brown v. Woody, 64 Mo. 547; Smith v. Simpson, 80 Mo. 634."

BIGGS, J.—This is an action of replevin instituted in November, 1897. The defendant answered that he was sheriff of Howell county, and that he held the goods by virtue of a levy on them under an execution issued on a transcript judgment by the circuit court of the city of St. Louis in favor of the Singer Sewing Machine Company and against the plaintiff. The execution was dated on the twenty-second of July, 1897, and was made returnable on the first Monday of October following. The levy was made on the thirty-first day of August and the plaintiff gave a forthcoming bond. The property was not sold during the life of the execution. The evidence fails to show that the plaintiff returned it to the defendant according to the conditions of his bond, but he avers in his petition that on the ninth day of November he was entitled to the possession of the property and that on that day the defendant wrongfully took it from his possession, which averments will only admit of the inference that the plaintiff retained the possession of the goods after the date of the levy until November 9, when the defendant reclaimed them.

The transcript of the justice before whom the suit was brought was read in evidence, from which it appears that the action was begun in the city of St. Louis on a penal bond in the sum of $300, wherein the damages claimed were $117; that the defendant was personally served in the city of St. Louis and that after several continuances by consent, the cause was finally heard on November 25, 1896, resulting in a judgment against the plaintiff for $300, to be satisfied on the payment of $117, and that afterwards execution was issued on the judgment and returned not satisfied.

Against the objections of the defendant the court permitted the plaintiff to introduce evidence tending to prove that the Singer Sewing Machine Company is a foreign corporation, and that the defendant did not live in the city of St. Louis.

The defendant introduced evidence to the effect that the Singer Sewing Machine Company had complied with the laws of the state of Missouri governing foreign corporations, and that it had been authorized by the secretary of state to do business in Missouri, and that the company had established its general business office for the state in the city of St. Louis.

The foregoing statement is believed sufficient to a clear understanding of the matters presented for decision. The judgment was for the plaintiff and the defendant has appealed.

The court committed error in allowing oral proof tending to impeach the judgment. Proof that the Singer Sewing Machine Company was a foreign corporation and that the defendant lived in Howell county, was offered to show that the suit was wrongfully instituted, in that the Singer Sewing Machine Company did not have a legal residence in the city of St. Louis, and that as Livingston lived elsewhere the justice had no jurisdiction of the cause. The record of the justice showed on its face jurisdiction of the subject-matter of the

action. By jurisdiction of the subject-matter is meant "juris-diction of causes of the general class to which the action belongs." Posthlewaite v. Ghiselin, 97 Mo. 424. Thus in the case at bar the justice had jurisdiction of actions on penal bonds within the amount named. Hence jurisdiction of the subject-matter appears of record, and it was not permissible for Livingston (in a collateral way) to show by extrinsic evidence that the justice did not in fact have jurisdiction. This is upon the well-established principle "that a judgment regular on its face can not be impeached collaterally." Fulkerson v. Davenport, 70 Mo. 54; Yates v. Johnson, 87 Mo. 213; McDonald v. Frost, 99 Mo. 44; Meyers v. McRae, 114 Mo. 377; Freeman on Judgments, sec. 524. And this rule applies to judgments rendered by a justice of the peace. Myers v. Miller, 55 Mo. App. 338; Jeffries v. Wright, 51 Mo. 215; Montgomery v. Farley, 5 Mo. 233; Fulkerson v. Davenport, *supra*, was an application by plaintiff to the circuit court to allow two judgments obtained by plaintiff against defendant before a justice of the peace to be set off against a judgment obtained by defendant against the plaintiff. The defendant claimed that the judgments against him were void, in that the actions were begun in Warrensburg township; that the defendant lived in another township not adjoining Warrensburg township, and that the plaintiff lived in Centreview township. The circuit court permitted the defendant to show these facts, and by reason of them it held the judgments to be void. The supreme court decided that the evidence was improperly admitted. The court in its opinion said: "The jurisdiction of the person and the subject-matter appear on the record, and the only way for the defendant to avoid this was to appear before the justice, as he was notified to do, and establish the facts which he now proposes to prove in this collateral proceeding." So in the present case, Mr. Livingston should have appeared before the justice and interposed the jurisdictional

facts, on which he now insists, in bar of the action. The foregoing discussion is in conformity with our rulings in this case on a former appeal (80 Mo. App. 521), which the circuit court on a retrial seems to have misinterpreted. We therefore conclude and rule that the oral evidence tending to impeach the judgment on which the execution was issued was incompetent and should have been excluded.

The claim that at the time the suit was begun the execution under which the levy was made was *functus officio*, is without merit. When the levy was made the execution was in force. Livingston gave a forthcoming bond (section 4932, R. S. 1889) conditioned that he would deliver the property to the defendant at the time and place of sale, and section 4933 provides that where such a bond is given the levy shall remain a lien on the property into whosesoever possession it may come. The reason for the failure to sell the property while the execution was alive, is not shown. The inference, however, is that the defendant favored Mr. Livingston and allowed him to retain the property beyond the proper time, which probably rendered the defendant liable to the plaintiff in the execution for neglect of official duty. In view of such a liability did the defendant lose all recourse against the property; or, if he did, is Livingston in a position to assert this? We think that under the circumstances the defendant had the right to reclaim the property, and that the plaintiff is in no position to deny the right. Besides the question was in the record on the first appeal, and the presumption is that the court in disposing of the case considered and determined it against the plaintiff, which would make the matter *res adjudicata*.

So the remaining question that the execution does not correspond with the judgment was also presented on the former appeal, and we must likewise hold that it was then ruled adversely to the plaintiff.

The defendant's peremptory instruction for judgment ought to have been given. The facts disclosed by this record shows that the plaintiff is without a cause of action. The judgment will be reversed and the cause remanded, with instructions to retry the case in accordance with this opinion. All concur. Judge *Bland* in the result only.