A. H. LIVINGSTON, Respondent, v. S. M. ALLEN, Appellant.

### St. Louis Court of Appeals, February 12, 1901.

1. **Res Adjudicata:** APPELLATE COURT. When a case has been decided in an appellate court, the general rule is, only such questions will be noticed as were not determined in the previous decisions, and whatsoever was passed upon must be regarded as *res adjudicata.*

2. ———: ———. In the case at bar, there was an express adjudication (83 Mo. App. 300) in favor of Allen to retain the books after the execution had become *functus officio,* based on the fact that Livingston had given Allen a bond for the delivery of the books when the levy of execution was made, on the assumption that this question was in the record on the first appeal and was considered and determined against Livingston.

Appeal from Howell Circuit Court.—*Hon. W. N. Evans,* Judge.

REVERSED AND REMANDED (*with directions*).

*Taylor, Erd & Taylor* for appellant.

(1) The law is well settled that, in the absence of a statute to the contrary, where an execution has been levied by

the sheriff on personal property of the defendant, anterior to the return day, that the property so levied upon may be sold after the return day of the writ. And by the provisions of section 3208, Revised Statutes 1899, the same rule applies to levies upon real estate, where the execution is issued from a court of record in one county and sent to the sheriff of any other county in the State of Missouri. 1 Freeman on Executions (3 Ed.), secs. 58, 106; Hombs v. Corbin, 20 Mo. App. 509, and cases cited; Karnes v. Alexander, 92 Mo. loc. cit. 672; City of Aurora ex rel. v. Lindsay, 146 Mo. loc. cit. 515; Mason v. Bennett, 52 Fed. Rep. loc. cit. 345; Remington v. Lithecomb, 14 Pet. 84. (2) When a case has been decided by an appellate court upon solemn argument, and again comes to such court by appeal or. writ of error, the general rule is, only such questions will be noticed as were not determined in the previous decision, and whatsoever was passed upon must be regarded as *res adjudicata.* Chambers' Admr. v. Smith's Admr., 30 Mo. 156; Overall v. Ellis, 38 Mo. 209; Metropolitan Co. v. Taylor, 62 Mo. 338; Hamilton v. Marks, 63 Mo. 167; Boon v. Shackelford, 66 Mo. 494.

*W. J. Orr* for respondent.

The sole and only question presented to the jury was whether Mr. Livingston gave a forthcoming bond or had any agreement or understanding with the sheriff which caused the latter to not sell during the life of the writ. The jury found for respondent on the uncontradicted evidence.

BLAND, P. J.—The suit is replevin for the recovery of one hundred and thirty-six volumes of Missouri Supreme Court Reports. The answer of defendant admitted possession of the personal property mentioned in the petition and, as an

affirmative defense, averred that the defendant was the qualified and acting sheriff of Howell county, Missouri, and that as such sheriff he received from the clerk of the circuit court, city of St. Louis, Missouri, an execution issued from the office of said clerk, in favor of the Singer Manufacturing Co. against A. H. Livingston, plaintiff, for the sum of $300, to be satisfied upon the payment of $117, with interest and cost of suit, and that the defendant presented said execution to the plaintiff Livingston, who authorized this defendant, as sheriff, to levy upon certain books and take possession of the same for the purpose of satisfying said execution and costs. The answer then avers: "And this defendant is holding said books under said levy made by virtue and authority of said execution and direction of the plaintiff in this cause. Defendant further states that said levy was made on the thirty-first day of August, 1897, and that the plaintiff brought a suit for damages in this court for the levy of said execution on said books, which said cause was dismissed at the November term of court, 1897, and then brought the present action of replevin which has since been pending; and defendant for other and further answer says that he denies each and every allegation in plaintiff's petition not heretofore admitted." The reply was a general denial of the new matter in the answer and other special matter not necessary to notice in this opinion. The issues were submitted to a jury who returned a verdict for plaintiff, on which judgment was rendered. To reverse this judgment defendant appealed.

Plaintiff testified that he was at the commencement of the suit, the owner of the books in question. That defendant as sheriff of Howell county took them from him on an execution he had in his hands against him (plaintiff). That there was no agreement between him and the sheriff in relation to the matter. That he delivered the books over to the defendant

as sheriff and the sheriff made a note of them and that plaintiff regarded the books as levied on although they were not taken from his office.    That plaintiff never gave a forthcoming bond. The appellant read in evidence the justice's transcript upon which the execution was issued by the clerk of the circuit court of city of St. Louis directed to the sheriff of Howell county. The execution and the sheriff's return thereon—the return is as follows: "Executed the within writ in the county of Howell, State of Missouri, on the thirty-first day of August, 1897, by seizing and levying upon all the right, title and interest of A. H. Livingston, in and to Missouri Reports, from Vol. 1 to 136, inclusive.    Suit of replevin was brought by A. H. Livingston for said books, and the books taken out of my possession and the case was tried in the circuit court of Howell county, Missouri, at the January term, 1898, and judgment rendered in favor of said Livingston, and an order was made ordering me to turn over said property, the court holding that this execution was void.    The execution was returned without any credit.

"S. M. ALLEN,
"Sheriff, Howell County, Mo."

Plaintiff being recalled, testified that he told the defendant to levy on the books that they would cover the debt.    It was agreed that the value of the books was $200.    The execution was made returnable on the first Monday in October, 1897; the levy was made on August 31, 1897; suit was commenced on November 22, 1897.

On behalf of plaintiff the court gave, over defendant's objections, the following instructions:

"1.    The court instructs the jury that the plaintiff is entitled to recover the property sued for unless it was held by the defendant sheriff under a valid execution and levy. And the execution read in evidence was dead on the twenty-

second day of November, 1897, and furnished no protection to the defendant, unless the plaintiff and defendant had an agreement whereby the books should be left with plaintiff for his benefit until the day of sale, or unless the plaintiff gave a forthcoming bond for the books; and the burden of proving such agreement or the giving of such bond is with the defendant. And unless the defendant has shown such agreement, or the giving of such bond, you will find for the plaintiff.

"2. The court instructs the jury that the suit filed by plaintiff and dismissed on October 20, being a suit for damages, did not have the effect of keeping alive the execution."

The question presented for decision is, had the defendant a right to retain the books in his possession after the return day of the execution, having had ample time to have fully executed the writ before the return day thereof by advertising and selling the books? This is the third appeal of this case. On the first the judgment was reversed and the cause remanded on the ground that the court refused to instruct the jury, "That if Livingston was a resident of Howell county, Missouri, and was served with process in the city of St. Louis, issued from a justice of the peace, and he went into said court in pursuance of said process and announced ready for trial and participated in the trial, by such act he waived the jurisdiction over his person." 80 Mo. App. 521. From the opinion of the second appeal we take the following paragraph: "The claim that at the time the suit was begun the execution under which the levy was made was *functus officio,* is without merit. When the levy was made the execution was in force. Livingston gave a forthcoming bond (section 4932, R. S. 1889) conditioned that he would deliver the property to the defendant at the time and place of sale, and section 4933 provides that where such a bond is given the levy shall remain a lien on the property into whosesoever possession it may come. The

reason for the failure to sell the property while the execution was alive, is not shown. The inference, however, is that the defendant favored Mr. Livingston and allowed him to retain the property beyond the proper time which probably rendered the defendant liable to the plaintiff in the execution for neglect of official duty. In view of such liability did the defendant lose all recourse against the property; or, if he did, is Livingston in a position to assert this? We think that under the circumstances the defendant had the right to reclaim the property, and that the plaintiff is in no position to deny the right. Besides, the question was in the record on the first appeal, and the presumption is that the court in disposing of the case considered and determined it against the plaintiff, which would make the matter *res adjudicata*." 83 Mo. App. 300. This is an express adjudication in favor of the right of Allen to retain the books after the execution had become *functus officio*, hypothecated on the fact that Livingston had given Allen a bond for the delivery of the books when the levy of the execution was made on the assumption that this question was in the record on the first appeal and was considered and determined against Livingston.

Respondent contends that the foregoing paragraph of the opinion is based on error of fact that there is no evidence in the record of that trial that Livingston gave a delivery bond as stated in the opinion. In this contention the respondent is mistaken. On the examination of Mr. Livingston on the second trial, the following appears in his testimony: "Q. You are the plaintiff in this case? A. Yes, sir. Q. I will have you state to the jury whether or not you are the owner of the property described in your petition consisting of 136 volumes of Missouri Reports? A. Yes, sir. Q. State when they were taken from your possession, if at all, and by whom? A. Well, Mr. Allen didn't really take them from

me; he made a formal levy for the purpose of testing this question; it was done at the time alleged in the return. Q. *You gave bond and retained them in your possession?* A. *Yes, sir."* There is not a ray of testimony in the record, then, before the court, contradicting or qualifying this evidence of Mr. Livingston that he gave bond and retained the books.

So that waiving the question as to whether or not the right of Allen to retain the books in his possession after the return day of the execution was adjudicated on the first appeal, there is no question but that it was expressly adjudicated on the second one, and that the facts upon which the adjudication was based are correctly stated as they appeared in the record before the court. The right of Allen to remove the books is no longer an open question, and was not an open question on the last trial. Plaintiff was entitled, as he asked, to a peremptory instruction to the jury to find for him. It was agreed on the trial that the books were of the value of $200. No claim seems to have been made for damages for the taking and detention of the books, so that there is no issue of fact remaining to be submitted to a jury. We, therefore, reverse the judgment, and remand the cause with directions to the trial court to enter judgment for the appellant for the recovery of the books, and to assess their value at their agreed value ($200). All concur.